PATIENCE E. WARD

v.

JOHN WOOD ET AL.

*Administration—Debts—Bill to Subject Assets of Deceased Debtor to Payment of—Assets—Legal in Part—Demurrer.*

Upon the filing of a bill to subject certain assets of a deceased person to the payment of debts, it clearly appearing that a portion thereof could have been reached by legal remedies, and there being no allegation as to the value of such portion, it will be presumed that they were sufficient to pay the debts in question.

[Opinion filed December 3, 1889.]

APPEAL from the Circuit Court of Adams County; the Hon. C. J. SCOFIELD, Judge, presiding.

Messrs. BERRY & EPLER, for appellant.

Mr. WILLIAM McFADON, for appellees.

WALL, J. This was a bill in chancery by a creditor of a deceased debtor to subject certain assets of the debtor to the payment of the indebtedness held by the complainant, as well as that due other creditors. A demurrer was sustained to the bill and there was final judgment dismissing the bill and for costs, accordingly. The complainant brings the record here by appeal and assigns error upon said ruling.

The assets referred to in the bill consisted mainly of the unsold and unaccounted for proceeds of a tract of thirty-three and one-fourth acres of land conveyed by the debtor to the city of Quincy, under an act of the General Assembly, for cemetery purposes. It was the theory of the bill that by the facts therein stated the city became the trustee of the debtor as to three-fourths of the property so conveyed, and that for the reasons set forth the aid of a court of equity was indispensable, and that the complainant was entitled to relief in that forum.

Assuming that as to such property there was a condition of things not within the power of the County Court adequately to manage, and calling in an especial manner for the peculiar modes of relief employed in chancery, and that the omission to probate the claim should not, under the circumstances prejudice the complainant as to this fund, there is another aspect of the case requiring consideration.

The bill further averred (we quote from the statement in appellant's brief) that, "On January 28, 1857, an act was passed by the Illinois Legislature amending the act of January 16, 1847, authorizing John Wood to lay out and add to Woodland Cemetery four and sixty-five one-hundreths acres, lying south of it, and which was to be covered by the provisions of the original act. That John Wood inclosed the east part of said four and sixty-five one-hundreths acres as a part of Woodland Cemetery, but as complainant is informed and believes, he never conveyed it to the city of Quincy, nor to any one else, save about one-tenth of an acre which he deeded to Joel Price in 1854."

The bill further states, that "said four and sixty-five one-hundredths acres extend to Front street, but the western limit of the inclosure is a fence; that John Wood platted block 15 in said addition into lots, which addition also includes about half of block 16; that lots in said blocks were sold by John Wood during his life, and afterward by the city, and their proceeds disposed of as that of other lots in the cemetery as aforesaid; that a part of said addition has not been platted into lots, which, together with many lots in block 15, and the south half of block 16, remain unsold; that the part of said four and sixty-five one-hundreths acres lying west of said fence, the western boundary of said addition, except the piece sold to Price, remains unsold, and part of the assets of the estate of said John Wood, deceased, not accounted for by said administratrix, as do also the unsold portions of said addition platted into lots or not so platted, as do also three-fourths of the proceeds of the unsold portions of said thirty-three and one-fourth acres."

It is not averred what was the value of the residuum of said tract of four and sixty-five one-hundredths acres, but clearly it still stands in the name of the debtor, and is a legal, as contradistinguished from an equitable estate. No reason appears why the complainant could not reach this property, and as the bill fails to disclose its value, it may fairly be presumed it was sufficient to pay the debt of complainant and indeed, all the debts of the deceased. As to this there was

ample power in the County Court. The mere fact that the property was not inventoried and that the administratrix was discharged before completely performing her official duty, would not prevent complainant from availing of her legal remedy. As it is to be presumed in the absence of an allegation to the contrary, that the property was sufficient to cover the claim, and that by means thereof payment might have been enforced in the County Court, it follows there was an adequate remedy at law, and therefore no occasion to invoke the interposition of chancery. Blanchard v. Williamson, 70 Ill. 647. It is not averred that as to the thirty-three and one-fourth acres there was any fraud, but merely that by reason of the facts there was a trust estate—an equitable interest—to which complainant desired to resort. According to well settled rules, this could be done only in default of legal assets.

The decree dismissing the bill will be affirmed.

*Decree affirmed.*