## ANN E. TILLSON ET AL.
### v.
## PATIENCE E. WARD.

*Administration—Petition for Appointment of Administrator de Bonis Non—Discovery of Assets by Creditor of Insolvent Estate—Delay of Creditor—Whether Claim Barred—Explanation of Delay.*

1. Where it appears that a person owned land at the time of his death which was not inventoried or accounted for, such fact calls for the grant of letters of administration upon the petition of a creditor of the deceased, the estate having been insolvent, provided the petitioner is otherwise entitled to relief.

2. A creditor of a deceased person will be considered to have waived his lien upon property descended if he does not pursue his remedy within a reasonable time, unless the delay is explained. In the case at bar this court holds that the delay of the petitioner was sufficiently explained, and that she was entitled to the remedy sought.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Adams County; the Hon. C. J. SCOFIELD, Judge, presiding.

Mr. J. F. CARROTT, for appellants.

Messrs. BERRY & EPLER, for appellee.

MR. JUSTICE BOGGS. This was a petition of the appellee

to the County Court of Adams County asking for the appointment of an administrator *de bonis non* of the estate of John Wood, Sr., deceased. The County Court refused to grant the prayer of the petition, and the appellee appealed to the Circuit Court, in which latter court, upon a hearing, an order and judgment was rendered reversing the order of the County Court and ordering that the prayer of the petition be granted. The heirs at law of John Wood, Sr., appeal from the judgment and order of the Circuit Court to this court.

It appears from the testimony that John Wood, Sr., died June 4, 1880, intestate, and that letters of administration upon his estate were granted July 10, 1880, to Mary A. Wood, his widow, also now deceased. Appraisers were appointed and the award to the widow estimated and fixed at $2,650. On the 9th of October, 1882, the administratrix filed her first and only inventory, in which it is stated that the deceased left no real estate. The amount of the widow's award exceeded all the estate inventoried or in any way accounted for, and on the 18th day of December, 1882, the County Court entered an order vesting all the inventoried and appraised property in the widow in part satisfaction of her award and discharging the administratrix from further duty in or about the estate. The deceased was indebted to the appellee but she did not probate her claim against the estate. The petition avers that the deceased owned property, real and personal, which was not inventoried or appraised, and the prayer is that an administrator be appointed and such assets administered upon. It appears from the evidence without contradiction that the deceased died seized of the title to a small tract of land containing about four and sixty-five hundredths acres, and appellee claims that the estate has other assets consisting of certain sums of money to be paid by the City of Quincy out of the proceeds of the sale of lots in Woodland Cemetery under an agreement between the city and the deceased. Whether such moneys constitute assets of the estate or are the property of the heirs of the deceased, was the subject of much

contention in the court below and is argued with some elaboration in the briefs of counsel in this court. A determination of this controversy is not, we think, necessary to the proper disposition of the case. The inquiry as to the title and ownership of property in this proceeding is entered into merely for the purpose of ascertaining if assets of the estate were undiscovered while administration was pending. The investigation has developed the fact that the deceased owned a tract of land which was not inventoried or accounted for by his administratrix. This calls for a grant of letters of administration as asked for if the petitioner is otherwise entitled to such relief, and it is wholly unimportant whether the claim of the estate to other assets is good or not. The title to real or personal property can not be adjudicated in a proceeding such as this, but if it appears upon the hearing of such application that the deceased had an apparently well grounded right to property, real or personal, the proper course is to grant administration if it otherwise ought to be granted, and invest an administrator with power to institute appropriate proceedings to legally test such claims. It is urged by the appellants that administration should not be granted because of the failure of the petitioner to file her claim against the estate while it was open, and for so many years after the discharge of the administratrix. The delay in this respect it is insisted is a waiver of the claim, and that the right to pursue a remedy in this way is barred by the lapse of time. The rule applicable in such state of case is, we think, well stated in Reed v. Colby, 89 Ill. 104, where it is said: "A creditor will be considered to have waived his lien upon property descended if he does not pursue his remedy in a reasonable time, and although there is no express statute of limitation of the time within which such lien may be enforced, that where the delay of the creditor *is unexplained*, the period of seven years from the death of the intestate may properly be adopted."

This doctrine was first announced in McCoy v. Morrow, 18 Ill. 519, where it is intimated that a bar would be de-

clared unless special circumstances appear explaining and justifying the delay. In Rosenthal v. Renick, 44 Ill. 202, it is held that whether a creditor has waived his lien upon the property of an intestate by delay must be determined largely by the circumstances of each case, and that the delay may be explained and justified by special circumstances. To the like effect, Bishop v. O'Conner, 69 Ill. 431. If the delay is explained and justified, a claim, though not presented within two years from the grant of the letters of administration, may still be exhibited against the estate and allowed as against assets not inventoried or accounted for if the claim is so exhibited before it is barred by the general limitation laws. Blanchard v. Williamson, 70 Ill. 647. The only question then remaining to be determined is whether the delay of the appellee in pursuing her remedy in this case is sufficiently explained.

It is seen from the records of the County Court that the assets of the estate as inventoried and accounted for were insufficient to discharge the award of the widow, and it appears from the evidence that the fact that the deceased held title to the tract of land was unknown to the appellee until 1887, and it was also, we think, unknown to appellants. It is a small tract inclosed with the cemetery grounds, and was supposed to be a part thereof, and that the title to it rested in the city, as is true of the remainder of the land in the same inclosure. No third person has obtained any right or interest in it, nor have the heirs made any improvements upon it. No injustice can be done by appropriating it to the payment of the debt due the petitioner. To our mind these facts satisfactorily explain the delay and justify the decree and order of the Circuit Court. It is true that knowledge of the ownership of the land by the deceased came to the appellee in August, 1887, and that this petition was not exhibited until nearly two years afterward, but it is further true that in September, 1887, the appellee sought in good faith to subject the property to the payment of her claim but mistook her remedy, as this court held in Ward v. Wood, 32 Ill. App. 289.

The opinion in that case was filed December 3, 1889, and was promptly followed by the institution of the proceedings now under consideration. The order and judgment of the Circuit Court was, we think, correct and just, and is affirmed.

*Judgment affirmed.*