## N. D. Stevens, Adm'r, v. George Farrell et al.

1. APPEALS AND ERRORS—*An Order Held Not to be a Final Order.*— An order overruling a motion to dismiss an appeal is not a final order and can not be appealed from.

2. SAME—*Sec. 124, Chap. 3, R. S., Construed.*—The provisions for appeal contained in Sec. 124, Chap. 3, R. S., must be held to mean that appeals shall be allowed from final orders, or orders final in their character, and which make a final determination of the matter in controversy.

**Petition,** by an administrator for approval of final report and for a discharge. Appeal from the Circuit Court of Lee County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1897. Appeal dismissed. Opinion filed September 20, 1897.

C. P. GARDNER, attorney for appellant.

C. F. PRESTON, attorney for appellees.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellant, as administrator *de bonis non,* with the will annexed, of the estate of Noah W. Davenport, deceased, filed his final report as such administrator, in the County Court of Lee County, to which report appellees filed objections. On August 5, 1895, a full hearing was had upon such objections in the County Court, and an order was entered overruling the objections, approving the report and discharging the administrator. On the same day appellees prayed an appeal to the Circuit Court of said Lee County, which was allowed, and on August 28, 1895, they filed their appeal bond in the County Court, which was approved by the judge thereof, and thereupon the clerk of said County Court transmitted a duly certified transcript of the record in said cause to the Circuit Court. At the January term, 1896, of said Circuit Court, a motion was made by appellant to dismiss the appeal from the County Court on the ground that it was not perfected within twenty days from

the date of the order appealed from.   The Circuit Court overruled the motion to dismiss, and appellant brings the cause to this court by appeal.

We do not think the order of the Circuit Court was appealable.   It was not a final order.   No judgment was entered thereon against any one.   No final disposition was made of the matters in controversy.   The objections to the administrator's report still remained entirely undisposed of. By the statute, appeals and writs of error are allowed to this court only upon the final orders of the courts from whose orders or judgments appeals are allowed.   Rev. Stat., Chap. 37, Sec. 25.   We think that the provisions for appeal contained in Sec. 124, Chap. 3, which seem to be relied on by appellant, must be held to mean that appeals shall be allowed from final orders, or orders final in their character, and which make a final determination of the matter in controversy.

It would have been proper for appellant to have excepted to the ruling of the Circuit Court, and thus saved the question in the record, and if, upon a final determination of the cause in the Circuit Court, he had been dissatisfied therewith and brought the case here, he might have had a ruling of this court upon the propriety of the Circuit Court's action in refusing to dismiss the appeal.   But as the record now stands we think the question is not properly before us, and the appeal to this court must be dismissed.