CHARLES I. McCOLLISTER, Admr.

*v.*

THE GREENE COUNTY NATIONAL BANK.

*Opinion filed February 14, 1898.*

1. APPEALS AND ERRORS—*appeal by one having no appealable interest must be dismissed.* An appeal must be dismissed if it appears from the record that the appellant has no appealable interest.

2. SAME—*administrator cannot appeal from an order directing him to inventory land.* An administrator has no right of appeal from an order of court directing him to inventory certain land as part of the intestate's estate and to apply for an order of sale therefor,

and the fact that the intestate's interest is alleged to have been but a life estate does not affect his right to such appeal.

3. SAME—*order directing administrator to inventory land and obtain an order of sale is not final.*   An order of court directing an administrator to inventory certain land as part of the intestate's estate, and to apply for an order of sale therefor to pay debts, is not a final, appealable order.

APPEAL from the Circuit Court of Greene county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

MARK MEYERSTEIN, for appellant.

FRANK A. WHITESIDE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee bank, in whose favor a claim has been allowed against the estate of Thomas J. Baldwin, deceased, petitioned the county court of Greene county, wherein the settlement of the said estate was pending, to enter an order requiring the appellant, as administrator of said estate, to inventory certain tracts of land as the property of said decedent at the time of his death, and to file a petition, under the statute, for a decree and order of sale of said land.   The condition of the affairs of the estate was such the real estate of the decedent, if any he had, should be sold to pay claims allowed against the estate.   The county court denied the prayer of the petition on the ground the deceased had only a life estate in the land.   Whether the fee title was in the deceased at the time of his death, or in others not parties to this proceeding, depended upon the true construction of a will under which the deceased derived such title or right as he had in the land.   The appellee appealed to the circuit court within and for the said county of Greene, and such proceedings were had in that court as that a judgment order was entered reversing the judgment of the said county court and remanding the proceedings,

with directions to require the said administrator to inventory the land in question as the land of the said intestate, and to petition the said county court for an order or decree authorizing the said land to be sold, for the purpose of creating a fund wherewith to pay the claims probated and allowed against the said estate. This is an appeal sought to be prosecuted by the administrator from such judgment, order or decree of the circuit court.

We think the appeal must be dismissed for two reasons. *First,* the appellant administrator has no such interest as is necessary to entitle him to prosecute the appeal. The sole reason urged by the administrator why the judgment appealed from should be reversed is, that the decedent, though vested with the possession of the lands in controversy during his lifetime and at the time of his death, had but a life estate therein. In that contention the administrator has no such interest as will entitle him to appeal from an order directing him, as administrator, to take steps necessary, under the statute, to bring the contention before the county court for determination, and such an order is not a grievance of which he may be heard to complain. It is the established rule that the right to relief by appeal exists only in favor of a party whose rights have been prejudiced by the judgment appealed from. *Combs* v. *Jefferson Pond Draining Co.* 3 Metc. (Ky.) 72; *Stewart* v. *Codd,* 58 Me. 86; Elliott on Appellate Proc. secs. 135, 292; Woerner on Am. Law of Administration, sec. 545; Am. & Eng. Ency. of Law, p. 619.

It is strenuously urged by counsel for the administrator that the court erred in finding and reciting in the judgment appealed from that the intestate of the administrator died seized of the title in fee to the lands which the court ordered the appellant should be required to bring to sale in order to pay the debts of the intestate. This finding is not prejudicial to the appellant administrator, but, upon the contrary, if operative at all, is directly to his advantage in his capacity as adminis-

trator. It is familiar law one cannot assign as for error that which is beneficial to him. Instead of delaying the matter of the settlement of the estate by this appeal the appellant should have obeyed the order and direction of the court, leaving it to those who have, or claim to have, rights and interests in or title to the land in question adverse to the title or claim of title in his intestate, to assert and litigate their own interests. "If it appears, from an inspection of the record, that the party who assumes to appeal has no appealable interest the appeal may be dismissed." Elliott on Appellate Proc. sec. 526.

*Second*—The judgment or order appealed from is not a final order, but simply an order directing an initiatory step, necessary to bring before the county court a cause for disposition in that court, should be taken. In its nature it is not unlike an order entered granting leave to file an information, or an intervening petition, or a cross-bill, or giving leave to prosecute as a poor person, or an order citing an administrator to appear and file a report or show cause, etc. As against the petitioner the order of the county court denying the application for the order against the administrator was a final, appealable order. It disposed of the subject matter of the controversy finally, unless reversed, hence the petitioner had the right to appeal to the circuit court. Had the petition been granted by the county court it would have been in no sense final, but only preliminary, and as but a step in a proceeding in which a final order would subsequently be entered. The order or judgment of the circuit court was but a preliminary—not a final—order.

The appeal must be and is dismissed.

*Appeal dismissed.*