## H. Van Sellar, Executor, v. William F. James, et al.

1. INTERLOCUTORY ORDER—*what is an.* An order entered by the Circuit Court upon appeal from the County Court refusing to pass upon the merits of objections to a final account and finding that such account was not a proper account and ordering that other accounts be filed, is not a final and appealable order.

2. ADMINISTRATION ACT—*section 124 construed.* This section of the Administration Act, relating to appeals from county courts in probate matters, applies only to final orders, or orders final in their character, and which finally determine the matter in controversy.

Contest upon final account of conservator and executor. Appeal from the Circuit Court of Edgar County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1903. Appeal dismissed. Opinion filed March 16, 1904.

H. S. TANNER, J. W. SHEPHERD and F. C. VAN SELLAR, for appellant.

J. B. MANN, DUNDAS & O'HAIR and W. H. CLINTON, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The facts involved in this case, so far as we deem it nec

essary to recite them, are as follows: In February, 1899, one Firman James was adjudged insane by the County Court of Edgar County, Illinois, and the appellant, H. Van Sellar, was appointed his conservator. He acted in such capacity until the death of his ward, in June, 1900, when, in accordance with the terms of the will of said James, he was by said County Court appointed executor of said will. He failed at any time to file an account either as conservator or executor, from the time of his appointment as conservator until June, 1903, at which time he filed his final account as executor, and incorporated therein all of his acts and doings in both capacities. Certain of the heirs of said James filed objections to the approval of the account, assigning, among other reasons, that it was not sufficiently specific or definite, and insisted that appellant should have filed separate accounts. They also filed substantial objections to a number of the items thereof. The court overruled all objections and approved the account. The objectors then prayed and were allowed an appeal to the Circuit Court, where they renewed their objections. Upon a hearing thereon the court refused to pass upon the merits of any particular item or items of the account, but found that the same as presented, was not a proper account, refused to approve the same and ordered appellant to file separate and distinct accounts of his acts and doings in each of said capacities. Whereupon said executor appealed to this court.

The order of the Circuit Court was not final in itself or in its character. It was interlocutory only. No judgment was rendered thereby against any one. By it no pecuniary or property rights were determined. It was simply an order directing to be taken an initiatory step necessary to properly bring before the court for adjudication as to their verity and correctness, the accounts of the appellant in his official capacities. It, by its express terms, in no way passed upon or finally determined the correctness of any item or items of the account before the court.

We are of opinion that section 124 of the statute upon

administration, relating to appeals from county courts in probate matters, upon which counsel for appellant relies, applies only to final orders, or orders final in their character, and which finally determine the matter in controversy. McCollister v. Green County Bank, 171 Ill. 608.

The appeal must therefore be, and is dismissed.

*Appeal dismissed.*