Richard Snell, Administrator, Appellant, v. Lincoln H. Weldon, Appellee.

APPEALS AND ERRORS—*what order final and appealable.* An order improperly striking from the files the report and account of an executor denying to such executor any right to report or account, is final and appealable.

Appeal from the Circuit Court of DeWitt county; the Hon. William C. Johns, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed May 26, 1911.

Lemon & Lemon, Edward J. Sweeney and Ingham & Ingham, for appellant.

John Fuller, James S. Ewing, Herrick & Herrick and Barry & Morrissey, for appellee.

*Per Curiam:* The proceedings had in the county court of DeWitt county relative to the matters involved on this appeal, prior to the hearing on the appeal to the circuit court of said county from the order of the county court striking from the files the report of appellee to said court of his acts and doings as executor of the last will and testament of Thomas Snell, deceased, are fully set forth in the opinion this day filed in Richard Snell, A'mr., etc., appellant, v. Lincoln H. Weldon, appellee, *ante* page 11.

On the hearing in the circuit court of the appeal from said judgment and order of the said county court, after a motion to dismiss said appeal had been overruled, appellee moved the court for a rule on appellant to file objections to appellee's said report as executor, which motion was also overruled by the court. The circuit court then found that said report was properly filed by appellee in the county court and that the county court erred in striking said report from the files; that the county court should have required appellant as administrator to file objections, if any he had, to said report of appellee as executor, and should have passed on the same upon the merits; and ordered and adjudged that the order and judgment of the county court be reversed and the cause remanded to said county court with directions to rule appellant as administrator to file his objections, if any he had, to said report of appellee, and to proceed to a hearing on the said report and the objections thereto, if any, upon the merits. This appeal is prosecuted to reverse the said order and judgment of the circuit court, and appellee has assigned cross-errors upon the action of the circuit court in refusing to try

the case *de novo,* in remanding the case to the county court, in overruling appellee's motion for a rule on appellant to file objections, if any he had, to said report, and in refusing to hear the case upon its merits *de novo.*

It is first urged by appellant that the order entered by the county court was not a final or appealable order and that the circuit court erred in refusing to dismiss the appeal to that court, and appellant relies upon the case of VanSellar v. James, 113 Ill. App. 206, in support of his position. In the case at bar the right of appellee to file any report whatever was denied by the county court and the report filed by him was stricken from the files without further order. In the case cited VanSellar had acted both as conservator of one James, and as executor of his last will and testament, and the report filed by him incorporated a statement of all of his acts and doings in both capacities. Upon objections filed to said report the circuit court refused to pass upon the merits of the several items constituting the account, but found that the account as presented was not a proper account, and refused to approve the same as filed, and ordered VanSellar to file separate and distinct accounts of his acts and doings in each of said capacities. Manifestly, in that case the right of Van-Sellar to file reports as conservator and as executor was not denied, and the order of the court from which an appeal was attempted to be taken was merely interlocutory and not final. The circuit court did not err in refusing to dismiss the appeal.

Appellee was entitled to file a report of his acts and doings as executor, and to have his account as executor passed upon and adjudicated, before being required to turn over the property in his possession as executor to appellant as adminis- trator and the circuit court properly so held.

Upon appeal to the circuit court the case should have been there tried *de novo* and the circuit court erred in refusing to enter a rule on appellant to file objections, if any he had, to said report, within a reasonable time to be fixed by the court, and in refusing to retain jurisdiction of the case for the pur-

pose of hearing and determining the merits of the controversy upon said report and the objections thereto, if any.

The order and judgment of the circuit court will be reversed upon the cross-errors assigned by appellee, and the cause remanded to said court for further proceedings not inconsistent herewith.

*Reversed and remanded.*