BELLE LESHER, Plaintiff in Error, *vs.* JACOB H. LESHER, Defendant in Error.

*Opinion filed June 20, 1911.*

1. COURTS—*courts will not occupy themselves with moot cases.* Courts of review, like courts of original jurisdiction, exist for the determination of actual controversies and for the establishment of rights requiring adjudication, and will not occupy themselves with moot cases or those not for establishing controverted rights.

2. APPEALS AND ERRORS—*confession of errors requires reversal of judgment.* Where the defendant in error confesses the errors assigned the parties are entitled to the judgment of the court of review on such pleadings, and the court of review can do nothing but enter a judgment reversing the judgment or decree and remanding the cause.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

ALBERT H. FRY, and RUSSELL M. WING, for plaintiff in error.

WILLIAM B. MCILVAINE, *amicus curiæ,* (WILSON, MOORE & MCILVAINE, of counsel.)

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error filed her bill in the circuit court of Cook county alleging her marriage to defendant in error and his desertion of her without any reasonable cause,

and praying for a decree awarding her separate support and maintenance. The defendant in error answered denying the marriage, and after a hearing upon the evidence a decree was rendered finding against the plaintiff in error and dismissing her bill. She prosecuted an appeal to the Appellate Court, where the defendant in error filed a confession of errors and the parties joined in asking for a reversal of the decree. That court, however, denied this motion and upon a consideration of the merits of the case affirmed the decree. The record has been bought before us by *certiorari,* and the plaintiff in error seeks a reversal of the judgment of the Appellate Court.

No brief has been filed on the part of the defendant in error. In the brief of the plaintiff in error the record of the circuit court is considered at length, and it is argued that the decree is contrary to the evidence. We have not gone into that record. Courts of review, like courts of original jurisdiction, exist for the determination of actual controversies and the establishment of rights requiring adjudication. Courts will not occupy themselves with moot cases and cases which do not involve the establishment of a right which may be the subject of controversy between the parties. Here the plaintiff in error alleged the decree to be erroneous and the defendant in error confessed it. The plaintiff in error was entitled to judgment on the pleadings, and the Appellate Court had no other duty to perform than to enter the judgment required by law, reversing the decree and remanding the cause.

The judgment of the Appellate Court and the decree of the circuit court will be reversed and the cause remanded to the circuit court. *Reversed and remanded.*