## American Woolen Company of New York et al., Defendants in Error, v. Jacob H. Lesher et al., (Defendants), Coplaintiffs in Error.

## Belle Lesher (Defendant), Plaintiff in Error.

### Gen. No. 19,571.

1. JUDGMENT, § 473*—*when separate maintenance decree not res adjudicata.* A separate maintenance decree constitutes no exception to the general rule that a judgment or decree is *res adjudicata* only as to the parties to the suit in which such judgment or decree is rendered or their privies.

2. MARRIAGE, § 24*—*evidence incompetent to prove marriage.* A copy of a separate maintenance decree, *held* not admissible to estab-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

lish the marital status of the wife of the maker of the trust deed on bill to foreclose such deed.

3. MORTGAGES, §.487*—*when cross-bill unnecessary to have right of dower determined.* On bill to foreclose a trust deed, where the wife of the mortgagor files an answer setting up her marriage to the mortgagor and the nonrelease of her dower, *held* under the pleadings that the court could have determined her right to dower without the filing of a cross-bill, and that denial of leave to file a cross-bill was not error.

Error to the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed June 9, 1914. *Certiorari* allowed by Supreme Court.

ALBERT H. FRY, for plaintiffs in error.

MOSES, ROSENTHAL & KENNEDY and WHITMAN & MILLER, for defendants in error; WALTER BACHRACH, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The writs of error in these cases are prosecuted to reverse decrees of foreclosure entered in the Superior Court of Cook county, declaring that plaintiff in error, Belle Lesher, has no right or title whatsoever in and to the real estate involved in the proceeding or any part thereof by way of homestead or dower.

The important question presented by these error proceedings is whether a separate maintenance decree constitutes an exception to the general rule that a judgment or decree is *res adjudicata* only as to the parties to the suit in which such judgment or decree is rendered or their privies. The writs of error were consolidated in this court for hearing.

Defendants in error, the note holders, filed in Superior Court of Cook county, on July 20, 1909, their bill to foreclose a trust deed dated February 8, 1908, conveying certain real estate situated in Cook county, Illinois. The trust deed was executed by Jacob H. Lesher and one May Charter Lesher, his wife, who

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

were named as defendants in the foreclosure suits along with certain note holders and one Belle Scramlin, *alias* Belle Lesher, who the bills of complaint alleged claimed some interest in the premises in question, which interest, if any she had, was subordinate and subject to the lien of the deed of trust. To the bills of complaint said Belle Lesher filed answers wherein she denied that May Charter Lesher was the wife of Jacob H. Lesher, and asserted she, the said Belle Lesher, was the true and lawful wife and had never conveyed, quitclaimed or released her statutory right of dower, and asked that the court in its decree of sale, if such should be entered, decree that same should be sold subject to her alleged dower right.

For the purposes of establishing the mariage of said Belle Lesher to said Jacob H. Lesher, she sought to introduce in evidence before the master in chancery, to whom said causes had been referred to take proofs and report his conclusions thereon, a certified copy of the decree of separate maintenance entered by the Circuit Court of Cook county on July 15, 1911, in favor of said Belle Lesher and against said Jacob H. Lesher. On objection of complainants' counsel said decree was excluded from the evidence on the ground that none of the complainants in these suits were parties or privies to said separate maintenance suit, and that, therefore, said decree was not competent or admissible in evidence in said causes, and the ruling on the motion was subsequently sustained by the court.

For the express purpose of securing the admission in evidence of said decree of separate maintenance, said Belle Lesher applied to the chancellor in this case for leave to file a cross-bill which set up the proceedings in the separate maintenance suit in the case of *Belle Lesher v. Jacob H. Lesher,* and the rendition of a decree therein, finding *inter alia* that said Belle Lesher and Jacob H. Lesher were married on the 21st day of September, 1901, and that they lived and cohabited as husband and wife until August 31, 1907,

when she was deserted by him, and ordering said Jacob H. Lesher to pay her alimony at the rate of $156 per year from the date of the institution of the separate maintenance suit, and that the decree be and remain a lien upon the real estate of said Jacob H. Lesher. The court denied the application for leave to file a cross-bill.

The errors assigned and argued relate to the refusal of the master, sustained by the court, to admit in evidence such certified copy of the decree of separate maintenance and the denial of Belle Lesher's application in each case for leave to file her cross-bill. The substantial contention of plaintiffs in error in support of these assignments of error is that the decree of separate maintenance, which finds that said Belle Scramlin was married to said Jacob H. Lesher, established their marital status as against the whole world and is, therefore, binding upon parties who are not parties or privies as well as upon those who are.

In the separate maintenance suit instituted in the Circuit Court of Cook county, plaintiff in error, Belle Scramlin, under the name of Belle Lesher, alleged her marriage and cohabitation with Jacob H. Lesher and his commission of adultery with one May Charter, *alias* May Bangs, and that one Jacob H. Lesher was the owner of certain property, without describing it specifically and without asserting any right in respect to it and without asking that it or any part of it be assigned for alimony, but merely setting up the fact of the ownership of property for the apparent purpose of showing the amount of defendant's property as bearing upon the amount to be allowed as alimony. The separate maintenance bill asked that said Jacob H. Lesher be ordered to pay a reasonable sum for the maintenance and support of the complainant. To that bill the defendant, Jacob H. Lesher, filed an answer denying his marriage with said Belle Scramlin, and denying any marriage relations with her and that he lived and cohabited with her or had been guilty of

American Woolen Co. v. Lesher, 187 Ill. App. 259.

adultery as alleged in the bill of complaint, and alleged the fact to be that on August 7, 1907, he was lawfully joined in marriage with May Charter and lived with her and was then still living with her as her husband.

That separate maintenance cause, after various proceedings, involving a decree below in the Circuit Court, an appeal to this court (159 Ill. App. 432), a further appeal to the Supreme Court where the decree of the Circuit Court and the judgment of this court were reversed and the cause remanded to the Circuit Court (250 Ill. 382), and a hearing had in the Circuit Court, resulted in the decree sought to be introduced in evidence.

The nature and character of separate maintenance proceedings in this State are determined by our statute relating to such proceedings. Except for the statute there would be no power or right in a court of chancery to decree support and maintenance to married women, who without their fault, live apart from their husbands. "In England matrimonial causes were never under the jurisdiction of courts of equity, and in this country the jurisdiction is conferred by statute, which prescribes and limits the powers of the court." *Thomas v. Thomas,* 250 Ill. 354; 9 Am. & Eng. Ency. of Law, 726.) By the language of the statute (section 22, ch. 68, Hurd's R. S., J. & A. ¶ 6159), a married woman who lives separate and apart from her husband without her fault is given a remedy in equity for her reasonable support and maintenance. The sole object and purpose of the proceeding as expressed in the statute is to have determined the amount to be allowed, having reference to the condition of the parties in life, including an allowance to enable the wife to prosecute her suit, and to enforce the payment of the amount allowed by the court. No remedy is given by this statute to a woman to have her marital status declared or established. The marriage is a fact to be determined incidentally in such proceedings as a neces-

sary qualification of the complainant to sue and obtain relief, and is merely incidental to the primary relief which is sought. It was not and could not be the ultimate or primary relief granted in the separate maintenance suit to declare a status of marriage. It was to allow an amount for a reasonable support and maintenance. This was the one purpose for which the statute authorized the suit to be brought, whether the pleadings put in issue the marriage or not. Without doubt there are proceedings provided by law to establish a status such as divorce, pedigree, citizenship, inquisitions of lunacy, etc., and these are in their nature proceedings *in rem,* and hence the judgment by which the status of any individual is adjudged is competent evidence as against the world to prove the status as it is declared to be by such judgment. 2 Black on Judgments, secs. 802-806. But in this State there is no proceeding, except divorce, known to the law by which a person may bring a suit to establish his marital status. The separate maintenance decree then was not and cannot be construed as establishing a status, or as a decree *in rem,* so as to bind all persons whether or not they were parties thereto. *Gouraud v. Gouraud,* 3 Redf. Surr. (N. Y.) 262; *Hilton v. Snyder,* 37 Utah 384; *Luke v. Hill,* 137 Ga. 159, 38 L. R. A. (N. S.) 559; *Osborn v. State,* 143 Wis. 249, 31 L. R. A. (N. S.) 966; *Shores v. Hooper,* 153 Mass. 228. The separate maintenance decree in *Lesher v. Lesher, supra,* offered in evidence does not fall within the exception to the general rule that a party is not concluded by a judgment in a prior suit or prosecution, where, from the nature or course of the proceedings, he could not avail himself of the same means of defense or of redress which are open to him in the second suit, for, as we have seen, it was not a decision directly declaring a personal status or relation of the complainant therein which, upon the ground of public policy and convenience, was binding on all persons. The decree was, therefore not admissible in evidence in the fore-

closure proceedings under review as against a stranger to the decree. See cases cited above and *Brigham v. Fayerweather,* 140 Mass. 411.

The bill of complaint in the separate maintenance suit of *Lesher v. Lesher* does not raise any question of *lis pendens,* for the reason that the lands described in the proceedings under review were not specifically described therein, and no right or claim or relief in respect of the property or lands was asserted. *Sapp v. Wightman,* 103 Ill. 150.

Error is assigned upon the denial by the court of leave to plaintiff in error to file a cross-bill.

The foreclosure bills in the proceedings under review alleged that Belle Lesher claimed to have some interest in the property described therein, and that such interest, if any she had, was subordinate and subject to the lien of the deed of trust. In her answer, plaintiff in error set up her alleged marriage to Jacob H. Lesher, the maker of the trust deed, and the non-release of her alleged dower. Her marriage was, therefore, properly brought before the court by the bills of complaint and her answer, and she could have proved her marriage by any competent evidence, and the court, without a cross-bill, could have determined her dower right, if she had any, and ordered a distribution of the proceeds realized from the sale of the property according to the rights and liens of the parties. *Gardner v. Cohn,* 191 Ill. 553; *Gouwens v. Gouwens,* 222 Ill. 223. As no cross-bill was necessary it was not error to refuse leave to file it.

The decree in each case is affirmed.

*Affirmed.*