# In the Matter of the Estate of James H. Downs, Deceased.
## Frank J. Wotowa et al., Appellees, v. Jennie Rockey and Sam Moore, Appellants.

1. PROBATE COURTS—*appealability of order of county court appointing administrator de bonis non at suit of creditors.* There is no appeal to the circuit court from an order of the county court appointing an administrator *de bonis non* on the petition of the creditors of the estate, where no question of preference in appointment under the statute is raised and the estate is insolvent.

2. APPEAL AND ERROR—*errors not assigned not reviewable.* On appeal to Appellate Court from an order of the circuit court affirming, on appeal from the county court, an order of the latter court appointing an administrator *de bonis non*, the Appellate Court will not consider a contention raised in the briefs that the lower court had no right to appoint the person appointed in view of the fact that the record disclosed that there were daughters of the deceased who were qualified to act, where such claimed error is not assigned as error.

Appeal by defendants from the Circuit Court of Christian county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the

Wotowa et al. v. Rockey et al., 229 Ill. App. 273.

October term, 1922.    Appeal dismissed and cause remanded with directions.    Opinion filed April 23, 1923.

LESLIE J. TAYLOR, for appellants; M. J. FITZGERALD, of counsel.

CAREY E. BARNES, E. E. ADAMS and J. J. BULLINGTON, for appellees.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an appeal by Jennie Rockey and Sam Moore, appellants, from an order of the circuit court of Christian county affirming the judgment of the county court of Christian county, and finding in the circuit court that the estate of Downs remained unsettled, and that the order of the county court in appointing Joseph F. Bunn administrator *de bonis non* was right and should be affirmed, from which order and judgment the circuit court of Christian county allowed an appeal to appellants to this court.

James H. Downs died on the 22nd day of April, 1917, leaving a widow, Nellie G. Downs, and three daughters, Orah D. Ridgley, Dora Smith and Jennie Rockey.   At the time of his death he owned in fee simple 700 acres of farm lands located in Christian and Shelby counties and two houses and lots in Assumption; also about $15,000 in personal property. The debts allowed against his estate amounted to about $36,000.   His widow had no interest in the lands of which he died seized for the reason that she had, previous to her marriage with him, entered into an antenuptial contract by which she agreed to accept $10,000 in lieu of her homestead, dower and widow's award.

On April 25, 1917, the widow, Nellie G. Downs, was appointed administratrix of his estate in the county court of Christian county.   On April 26, 1917, Nellie G. Downs, the widow, and one of his heirs at law, Orah

D. Ridgley, filed a bill in the circuit court of Christian county asking for the partition of all the lands of which James H. Downs died seized in Illinois, such partition to be had among the heirs at law of said James H. Downs. Later, the bill was amended by making Nellie G. Downs, administratrix of the estate of James H. Downs, deceased, a party complainant. One of the appellees, Wotowa, was made a party defendant to the bill for partition for the sole reason, as set out in the bill, that he had a judgment against Orah D. Ridgley for $4,000 and interest, which was a lien upon Orah D. Ridgley's interest in said land.

It appears that the partition suit proceeded and on the 10th day of November, 1917, about six months after the death of James H. Downs, a sale was made therein of all the lands of which Downs died seized, by the master in chancery, for $76,610, and that it required all of the proceeds of the sale except $1,635.43 to pay the liens, which the circuit court found against the land, the costs of the suit and the $10,000 to the widow, the amount of her antenuptial contract which the court found to be a lien on the land. The $1,635.43 was afterwards turned over to Nellie G. Downs, administratrix of the estate of James H. Downs, on an intervening petition filed by her long after the sale. It further appears that in the decree for partition there were the following provisions: "The court further finds that Nellie G. Downs has been appointed, qualified and is now acting as administratrix of the estate of the said J. H. Downs, deceased, and that there is insufficient personal assets coming into her hands as administratrix to pay the debts and liabilities of the said estate. It is therefore ordered, adjudged and decreed by the court that the complainant, Orah D. Ridgley, and the defendants, Dora Smith and Jennie Rockey, are each entitled to one-third of said premises, to-wit: (describing the lands) subject to the following liens thereon: (describing a number of

liens) and all of said real estate owned by J. H. Downs at the time of his decease being subject to the debts and liabilities of the estate of the said J. H. Downs, deceased, as finally found and allowed by the Probate Court." It further appears that various proceedings were had in the circuit court of Christian county in and about this partition suit and that there was a sale of lands and a contest over the confirmation of the sale, various intervening petitions and that on the 18th day of January, 1921, Nellie G. Downs filed her final report as administratrix of the estate of James H. Downs, deceased, in the county court of Christian county, showing the personal assets belonging to the estate to be $11,116.46, and that after paying the costs of administration and the claims of the preferred classes, there remained sufficient funds to pay to the creditors of the seventh class a dividend of 31.75 per cent, on the principal of their claims, leaving still due them about $20,000 indebtedness, including interest.

After Nellie G. Downs had filed her final report, but before the same was approved, the appellees, on the 16th day of February, 1921, filed the petition involved in this case asking that Nellie G. Downs be discharged as administratrix of the estate, for the reason that she had become a resident of the State of Ohio and had ceased to be a resident of Illinois and was no longer competent to act as such administratrix, and asking that Joseph F. Bunn or some other competent person be appointed administrator *de bonis non* of said estate. The petition alleges that the petitioners are each of them creditors of said estate; that there is no personal estate belonging to said estate out of which their claims can be paid; that the said James H. Downs owned a large amount of real estate at the time of his death; that the said real estate has not been sold by the administratrix to pay the debts of the estate as provided by statute. Nellie G. Downs entered her appearance and filed an answer admitting

that she had ceased to be a resident of the State of Illinois.

Jennie Rockey and Dora Smith, two of the heirs of James H. Downs, deceased, appeared in court, by their attorneys, of their own motion, and objected to the appointment of an administrator *de bonis non* on the ground that the estate was closed and that the court had no jurisdiction to appoint an administrator *de bonis non*. The objection was overruled by the court and thereupon the said Jennie Rockey and Dora Smith, together with A. P. Rockey and Sam Moore, filed their joint answer to the petition.

The answer filed by the heirs at law of James H. Downs, and appellants in this court, sets out at great length the proceedings in the partition suit and the sale and disposition of all of the property of James H. Downs in any of the real estate and also of his personal property as it came into the hands of his administratrix, and how and in what manner all of the personal property had been applied to the payment of debts, and answered that the estate was insolvent and that there was no real estate or personal property on hand or to be reached by which such debts could be paid. In effect, their answer pleads all of the proceedings in the circuit court as a bar to the appointment of an administrator *de bonis non* in the county court, in answer to appellees' petition.

There was a hearing in the county court and a finding that the estate of James H. Downs was unsettled and the court appointed the administrator *de bonis non* as prayed for in the petition.

From the judgment of the county court granting the prayer of the petition and appointing an administrator *de bonis non,* appellants prayed an appeal which was denied by the court. After the county court denied an appeal from said order, appellants prayed an appeal from the county court's order denying an appeal, which was granted and an appeal perfected from the county court to the circuit court from the

order of the county court, denying an appeal from the court granting the petition.

In the circuit court appellees moved to dismiss the appeal which was overruled and a hearing had upon appellee's petition, and upon a full hearing the circuit court found that the estate of Downs remains unsettled and that the order of the county court appointing Joseph F. Bunn administrator *de bonis non* was right and should be affirmed and it was ordered that the judgment of the county court be affirmed at the costs of the appellants. From this order and judgment appellants prayed an appeal to this court, which was granted, and the cause is now in this court based on this record. Appellees have assigned cross error, in that the circuit court erred in not dismissing the appeal of the appellants from that court and appellees have filed a motion in this court to dismiss the appeal.

The first legal proposition presented in this case is whether the order of the county court denying appellants an appeal from the court's order was an order from which an appeal could be taken. It seems to have been determined in *People v. Prendergast*, 117 Ill. 588, that the proper proceeding in such a case is a petition for mandamus from a higher court to compel the county court to grant an appeal in a case where an appeal lies, and it is stated in 3 Corpus Juris, p. 338: "There are some cases in which the proper remedy of a party aggrieved by a judgment, order or other action of a court or judge is by application for a writ of mandamus to compel proper action and not by appeal or writ of error. It has been so held, for example, in the case of erroneous refusal or omission of the court or judge to grant or hear an appeal or supersedeas; to settle or sign a bill of exceptions or case made, or a statement to be used on a motion for a new trial," etc. It would seem elementary, not requiring further discussion, that the order of the county court denying an appeal was not an order from

which an appeal could be taken. However, the circuit
court heard all of the evidence in this case. The ap-
pellees took part in the trial after their motion to
dismiss had been denied. It might be claimed that
appellees had waived the error of refusing to dismiss
their appeal by engaging in the trial upon the merits
in the circuit court.

In the opinion of this court, the fundamental ques-
tion involved in the case is whether the original order
of the county court granting the petition of the cred-
itors and appointing an administratrix *de bonis non*
was an order from which an appeal could be taken.

The answer of the appellants, in the county court,
insists that the estate is fully settled and closed so
that there is no necessity for the appointment of an
administrator *de bonis non*, and they further assert
that the estate of their father is insolvent and not
able to pay the debts allowed against the estate so
that so far as any "estate" is concerned, appellants
have no interest in it. Appellants insist in this court,
on this record, that where a decree for sale of real
estate is ordered before an estate is settled, the per-
sonal representative should be a party and the court
should control the proceeds of the sale to protect the
interests of creditors of the estate. We assume that
this is the law, but we fail to understand what bearing
it had or what jurisdiction the county court had in
passing upon that legal proposition, as a court of re-
view, upon which the circuit court of Christian county
had acted. Appellants further insist that the appel-
lees all received their pro rata share of the proceeds
of the real estate with full knowledge of the source of
the funds and are now estopped to claim that "the
sale of the real estate was invalid. Having reaped
the benefits of the sale they are estopped to deny that
the entire title passed to the purchasers at the sale in
partition." This may be the law and possibly will
be so applied when it is presented in some court where
it is applicable, but what bearing it could have in the

county court of Christian county upon the question of the appointment of an administrator *de bonis non* is not so plain to be seen. Counsel also assert that Wotowa was a party from the beginning and filed an answer, admitting the rights of parties to proceed in the partition proceedings, and is estopped to question the propriety of such proceedings. We do not understand that appellee Wotowa by signing the petition in the county court, stating that the estate of James H. Downs was unsettled and asking for an administrator *de bonis non*, is specifically questioning any proceedings in the circuit court of Christian county. In other words, what has the partition suit to do with an application for the appointment of an administrator? All of the questions raised by appellants may become proper in some other suit at some other time, but we do not think they have any bearing upon this cause.

It is apparent that there are creditors of the estate of James H. Downs, if there is any "estate." Under our laws, such creditors cannot act for themselves in collecting their claims against an estate of a decedent. For this reason when a creditor in good faith asks for the appointment of an administrator for an estate which is indebted to him, it is granted upon a prima facie showing. The creditor gains nothing by the appointment except the opportunity to have proceedings instituted in which his rights may be adjudicated. *Ward v. Wood*, 32 Ill. App. 289; *Le Moyne v. Quimby*, 70 Ill. 399. The application to the county court for the appointment of an administrator on the part of creditors is of no more effect than the mere asking the court for the right to bring suit. The denial of such right by the county court would be a final action on the part of the court and a final and conclusive adjudication so far as that court was concerned that the petitioner had no rights for which he should have an opportunity to contend. Such order would become an appealable order. The granting of the petition and the appointment of the administrator *de bonis non*

affects no one's rights, under the statute for which an appeal is granted. The order permits the petitioners to bring suit. This is merely interlocutory and affects no one's rights finally. The petitioners could not appeal from such an order because it is in their favor and what they have prayed for. The order can affect no one's rights adversely, except in a proper case where there is an estate to administer and within a certain period the statute might give a preference in the appointment. That feature is not involved in this case.

It is held in 3 Corpus Juris, p. 358: ''Hence, it is not within the province of appellate courts to decide abstracts, hypothetical or moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.''

So it is held in *Lesher v. Lesher,* 250 Ill. 382, that: ''Courts of review, like courts of original jurisdiction, exist for the determination of actual controversies and for the establishment of rights requiring adjudication and will not occupy themselves with moot cases or those not for establishing controverted rights.'' The right of appeal is a right granted by statute and does not accrue as a matter of right or common law. To that end the legislature has provided for an appeal from matters arising in the administration of estates. Section 124 of chapter 3 [Cahill's Ill. St. ch. '3, ¶ 126]: ''Appeals shall be allowed from all judgments, orders or decrees of the county court, in all matters arising under this Act, to the circuit court, in favor of *any person who may consider himself aggrieved by any judgment, order or decree of such court,*'' etc.

There is another section on appeals in the Administration Act, section 68 [Cahill's Ill. St. ch. 3, ¶ 69], but it only applies in the allowance or disallowance of claims. The question in this case is who could be aggrieved by the appointment of the administrator *de bonis non?* Certainly not the petitioners because their prayer has been granted. Not the heirs at law of

James H. Downs, deceased, because they insist there is no estate and insist the county court has no jurisdiction to appoint such administrator. Therefore, they are doubly protected from the effects of such order and are in no danger of being injured in any way, if their contentions are correct. Had the county court denied the petition the petitioners would have been affected financially and it would have been a final and conclusive order, as to them, from which they would have had the right of appeal. *Brown v. Kamerer*, 276 Ill. 69. In this case it was held that it was unnecessary to make the children of the devisees parties to the petition for the reason that titles could not be adjudicated, although they would be necessary parties to a petition to sell and under the will in the *Kamerer* case such children took a remote interest in the real estate. The nature of the interest which a litigant must have entitling him to appeal, in such case, is well defined in 3 Corpus Juris, p. 625: "The appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular cause, and it is not sufficient that he is interested in the question litigated, or that, by the determination of the question litigated, he may be a party in interest to some other suit growing out of the decision of that question. One who has no such interest, but claims wholly adversely to the interest of all the parties to the suit, cannot appeal, under a statute permitting any person interested in any order, etc., to appeal." A distinction is made in appeals between final and interlocutory orders and this distinction is well defined in 3 Corpus Juris, p. 443, note 57: "The difference between interlocutory and final decrees is this, that in the former some further steps are required to be taken to enable the court to adjudicate and settle the rights of the parties, while under a final decree the party obtains his rights without any further adjudication on the merits, either by the direct operation of the decree

itself or by means of proceedings of a ministerial character in execution of it."

In a proceeding in the county court by creditors for the appointment of an administrator *de bonis non* and where the question of preference in appointment under the statute is not raised and the estate is insolvent, from an order of the county court appointing an administrator *de bonis non* there is no appeal. *McIntyre v. Sholty,* 139 Ill. 175; *Van Sellar v. James,* 113 Ill. App. 206; *McCollister v. Green County Nat. Bank,* 171 Ill. 608; *Stevens v. Farrell,* 71 Ill. App. 466; *Lane v. Thorn,* 103 Ill. App. 218; *Mayrand v. Mayrand,* 96 Ill. App. 478. We do not find that the particular question of the appointment of an administrator has been before this or the Supreme Court of this State, but we do find the same rule laid down in many cases of a like nature. Where the reason of the rule is the same, the rule should be the same.

In *McIntyre v. Sholty, supra,* it is held as a general rule that no person can sue out a writ of error who is not a party or privy to the record or who is not shown by the record to be prejudiced by the judgment.

In *Van Sellar v. James, supra,* it is held that section 124 of the Administration Act [Cahill's Ill. St. ch. 3, ¶ 126], relating to appeals from county courts in probate matters, applies only to final orders or orders final in their character and which finally determine the matter in controversy.

In *McCollister v. Green County Nat. Bank, supra,* an order was entered requiring the administrator to inventory certain lands as property of the estate. The court say on page 611: "The judgment or order appealed from is not a final order but simply an order directing an initiatory step, necessary to bring before the county court a cause for disposition in that court, to be taken. In its nature it is not unlike an order entered granting leave to file an information or an intervening petition or a cross-bill or giving leave to prosecute as a poor person or an order citing

an administrator to appear and file a report or show cause, etc. As against the petitioner, the order of the county court denying the application for the order against the administrator was a final appealable order. It disposed of the subject-matter of the controversy finally, unless reversed, hence the petitioner had the right to appeal to the circuit court. Had the petition been granted by the county court it would have been in no sense final, but only preliminary, and as but a step in a proceeding in which a final order would subsequently be entered. The order or judgment of the circuit court was but a preliminary—not a final—order," and the court dismissed the appeal. To the same effect are the rulings in the other cases cited *supra*.

Appellants make a point in their brief that the court had no right to appoint Joseph F. Bunn administrator *de bonis non* when the record disclosed that there were two daughters who were qualified to act, the widow having removed from the State. This is a peculiar objection to be raised by appellants in their brief, and we do not find that the assignments of error cover such point. Error is assigned because the circuit court found that the estate was unsettled and because the court took jurisdiction of the petition in any manner to grant administration. Even if there was an assignment of error covering this point, we should be inclined to hold against appellants on that point. In a case more than a year after the first grant of letters of administration and where it was insisted by all of the heirs of decedent that the estate had been fully and completely settled and that the estate was insolvent, we do not think that the statute, giving the preferential right to administration, applies. The order entered by the county court of Christian county was not a final or appealable order and the order entered by the county court of Christian county denying an appeal to the appellants was not a final or appeal-

able order and the circuit court of Christian county should have dismissed the appeal of the appellants from that court.

The motion of the appellees to dismiss the appeal from this court is granted and upon cross error assigned by appellees, in that the circuit court did not grant appellee's motion to dismiss the cause from the circuit court, this court will take jurisdiction to remand said cause to the circuit court with directions to reverse the order of the circuit court and dismiss appellants' appeal from the county court to the circuit court.

Appeal dismissed and cause remanded to the circuit court with directions to the circuit court to dismiss the appeal of appellants from the county to the circuit court.

*Appeal dismissed and cause remanded with directions.*