## BACCHUS *v.* MOREAU.

| 4 | 313. |
| 46 | 382. |

On an appeal from a judgment in favor of two or more parties, a bond made payable to one
of the appellees "*et al.*", will be good. The expression "*et al.*" must be considered as re-
ferring to all the other appellees, and the bond will be available to all of them.

Where one of two appellees has not been cited, the judgment cannot be touched, so far as he
is concerned; but the omission is no obstacle to the consideration of the case as to the party
cited, where the interests of the two are separate, and susceptible of being separately de-
termined.

Where the vendor of a tract of land having one arpent and three-quarters front, received five-
sevenths of the price in cash, and, for the balance, took a note of the purchaser, identified
with the act of sale by the paraph of the notary, the act reciting that, "pour assurer le
paiement du dit billet à son échéance, ainsi que de tous frais et intérêts, hypothèque spéci-
ale est réservé seulement sur trois quarts d' arpent du côté d'en haut de la dite propriété,
l'acquéreur s'obligeant de ne les point aliéner, ou hypothéquer, au préjudice des présen-
tes," the vendor's privilege not being necessarily inconsistent with this clause, will be con-
sidered as retained upon the whole tract; nor can the enforcement of the mortgage, by an
order of seizure snd sale, operate as an implied renunciation of the privilege.

The renunciation of the vendor's privilege must be express; or result by cogent implication.
A mere doubt will not suffice to deprive a party of what the law presumes in his favor.

A mortgage and privilege may co-exist on the same thing. They are distinct rights, not ex-
clusive of each other.

Where a note is made payable two years after date, but the maker, on its face, "reserves to
himself the right to postpone payment for five years," and the latter makes no tender of
payment at the end of two years, nor subsequently, he must be considered as having availed
himself of the reservation; and prescription will not begin to run against the payee until
the expiration of the term of five years.

Where the testimony as to a judicial sale is conflicting, it will be insufficient to destroy
the legal presumption that the sherriff did his duty.

An agreement made by the sheriff with a purchaser, subsequently to the adjudication at a
judicial sale, that the price should remain in the hands of the sheriff until a good and satis-
factory title was given, and, in default thereof, that he would return it, cannot invalidate
the adjudication.

APPEAL from the District Court of Jefferson, *Clarke*, J. *Graihle*, for the
appellant, cited C. C. 3153, 3216. 12 Rob. 279. C. P. 732, 733, 734, 736,
737, 744. *Collens*, for the defendant, cited 16 La. 109. 7 La. 91. The judg-
ment of the court (*King*, J. absent,) was pronounced by

SLIDELL, J. The plaintiff had previously sold a portion of a tract of land,
purchased from him by *Moreau*, under an order of seizure and sale granted
upon a mortgage of that portion. Afterwards, he obtained an order of seizure
and sale, by virtue of the vendor's privilege, upon the residue. After the second
adjudication, which was made to *Mrs Waggaman*, he took a rule upon *Caubette*,

BACCHUS
*v.*
MOREAU.

a mortgagee claiming under a mortgage inscribed after the inscription of the plaintiff's sale to *Moreau;* upon *Fische,* the holder of a subsequent judicial mortgage; and upon the sheriff, to show cause why the subsequent mortgages should not be cancelled, a clear title given to *Mrs. Waggaman* and the proceeds of sale applied to the satisfaction of the plaintiff's claim. The district judge dismissed the rule, and the plaintiff has appealed.

*Caubette* has asked the dismissal of this appeal, on the ground that no bond was given in favor of the other parties to the proceeding, and that they have not been cited. The bond is given in favor of *Caubette "et al."* Under these expressions, which must be considered as referring to all the other parties in the cause, the bond would have been available to all the appellees, and cannot therefore be considered defective. But it does not appear that the other appellees have been cited. This will prevent us from touching the judgment, so far as *Fische* is conscerned; but is no obstacle to a consideration of the case as, to *Caubette;* for the parties have separate interests, which are susceptible of being separately determined.

The principal question in this case is, whether in this act of sale by *Bacchus* to *Moreau,* the former is to be considered as having relinquished the vendor's privilege. The sale was of a tract of land containing one arpent and three-quarters front, by forty in depth. The total price was $7000. The vendor acknowledges a cash payment of $5000; and for the residue *Moreau* gives his note for $2000, paraphed for the purpose of identifying it with the act. The description of the note is followed by a clause in these words : "Et pour assurer le paiement du dit billet a son échéance, ainsi que de tous frais et intérêts, hypothèque spéciale est réservé seulement sur trois quarts d'arpent du côté d'én haut de la dite propriété; l'acquéreur promettant et s'obligeant de ne les point aliéner, ou hypothéquer, au préjudice des présentes."

The appellee must concede that, if the act had contained no stipulation of mortgage, the vendor's privilege, which results by operation of law, from the nature of the contract, and needs no express stipulation of the parties ( C. C. 3153, 3216), would have extended to the entire tract. But it is said the language used is inconsistant with, and excludes the vendor's privilege ; that the vendor must be considered as having relinquished the privilege upon the entire tract, and contented himself with an encumbrance, for his security, upon the three-quarters of an arpent only.

As covenants oblige not only to what is expresed in them, but likewise to every thing which the nature of the covenant demands, and to all the consequences which the law gives to the obligation, it is obvious that the existence of the vendor's privilege in the present case is supported by a legal presumption, which throws the burden of proof on the party against whom it militates. *Donce probatione aut præsumptione contraria fortiore enervata fuerit.* On the other hand, it is equally true that a party may renounce what the law has established in his favor; but the intention to renounce a right implied by law should be clear. The renunciation should either be express, or it should result by cogent implication. A mere doubt, would not suffice to deprive a party of the benefit of what the law presumes in his favor. Thus the law implies a lien in favor of the factor ; but he may renounce it either by an express stipulation to the contrary, or, impliedly, by assenting to a state of things inconsistent with the right to retain and enforce his lien.

The true test then of the rights of these parties is the consistency or inconsis-

tency of the clause in question with the existence of the vendor's privilege. If it is not necessarily inconsistent, the legal presumption must stand.

If the parties had reversed the order of the words used, and had said "a mortgage only is reserved," there would have been strong reason to infer the relinquishment of the vendor's privilege. It would seem inconsistent to claim a privilege, after agreeing that a mortgage *only* should be taken as security for the debt. But as the contract is written, the word *"seulement"* is not only susceptible of being referred to the quantity proposed to be mortgaged, that is to say, to only three-quarters of an arpent of the whole tract sold, but such is the grammatical construction of the clause as written. We do not say that this construction meets the intention of the parties, beyond the possibility of a doubt. But, as already observed, the legal presumption in favor of the vendor cannot be overthrown, except by a cogent and clear implication.

It is unnessesary to enlarge further upon the subject of the vendor's lien and its renunciation, which has been fully considered in the case of *Boner* v. *Mahle*. 3 An. 600. See also *Citizen's Bank* v. *Cuny*. 12 Rob. 297. If the vendor's privilege on the whole tract was not renounced by taking a mortgage upon a portion of it, it is obvious that the enforcement of that mortgage by an order of seizure and sale of that portion could not operate as an implied renunciation. The mortgage and the privilege are distinct rights. They may coexist. The one does not exclude the other; and the enforcement of the mortgage did not conflict with the privilege, which still subsisted upon the residue of the property sold.

The plea of prescription is clearly untenable. The note of $2000 was dated in 1841, and promised to pay two years after date, but with the following condition or reservation:—"I reserve to myself to postpone payment for five years from maturity." As the promissor made no tender of payment at the end of the two years, or subsequently, he must be considered as having availed himself of this reservation in his favor. The creditor cannot be considered to have renounced his action; because if he had brought suit before the expiration of the stipulated term, he could not have sustained it. Quis enim incusare eos poterit, si hoc non fecerint, quod etsi maluerint, minime adimplere lege obviante valebant. Code, lib. 7, tit. 40. De annale exceptions.

The act of sale appears to have been properly recorded, so as to preserve the vendor's privilege. The sheriff, after he sold the portion mortgaged under the order of seizure and sale upon the mortgage, was without authority to cancel the inscription of the vendor's privilege as to the residue of the land. Indeed, properly considered, his certificate was an authorization to cancel certain *"mortgages."* It was silent as to the vendor's privilege.

An objection is made to the validity of the sheriff's sale, in consequence of the alleged circumstances of irregularity under which the adjudication was made by the sheriff. It appears that the recorder's certificate was read by the sheriff, which, after reciting the inscription of the act of sale, stated that the *"mortgage* above stipulated was cancelled and annulled." The sheriff and a by-stander have been examined as witnesses. The sheriff deposed that he read the entire certificate, and that no difficulty arose until after the adjudication was made. The other witness states that, after the certificate was read, and before the adjudication, he asked the sheriff whether the property was sold on the first privilege, or whether there were other mortgages having preference. That thereupon a conversation ensued between the plaintiff's attorney and the sheriff, when the sheriff stated that the terms of the sale would be, that the price of the adjudication should

BACCHUS
v.
MOREAU.

remain in the hands of the sheriff until a clear and perfect title should be given to the purchaser. Waiving the consideration of the effect of such a conversation, if proved, upon a judicial sale, we think it sufficient to observe that the testimony is conflicting, and therefore insufficient to destroy the legal presumption that the sheriff properly discharged his duty. The return of the sheriff does not show that any unusual announcement preceded the adjudication; and his subsequent agreement with the purchaser that, the price should remain in the sheriff's hands untill a good and satisfactory title was given, and, in default thereof, that he would return it, did not invalidate the adjudication.

In conclusion, we consider that the only party defendant to the rule who is before us, has shown no defence to the rule. As to the other parties to the rule, they are not before us; and, indeed, seem not to have been represented at the trial of the rule in the court below.

It is therefore decreed that, the judgment of the court below, so far as it determines the issues made between the said plaintiff and the said *Pierre T. Caubette*, be reversed; that the adjudication, made on the second day of May, 1848, to *Mrs. Waggaman*, as appears by the return of the sheriff of record in this cause, be maintained, as against the said *Caubette*; that the said plaintiff be recognized as a creditor upon the proceeds of said adjudication, by privilege superior to the said *Caubette*; and that the costs of this appeal, and of the rule, as against said *Caubette* in the court below, be paid by the said *Caubette*.