JOHN T. SCHOFIELD

*v.*

AARON THOMAS.

*Opinion filed April 18, 1907.*

APPEALS AND ERRORS—*an order vacating probate and re-setting matter for hearing is not final.* An order of the county court setting aside the probate of a will, upon a petition alleging fraud, and ordering that the application for probate be re-set for hearing, but which does not determine any rights nor render any judgment for costs, is not a final order from which an appeal will lie. (*Floto* v. *Floto,* 213 Ill. 438, distinguished.)

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JOHNSON & LOWENTHAL, FRANK H. GRAHAM, and E. B. CRESAP, for appellant.

JOHN M. HUMPHREY, and J. MARION MILLER, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

On September 21, 1903, a paper purporting to be the last will and testament of Jane Ottman was admitted to probate in the probate court of Cook county. John T. Schofield is named as executor by the will and is the sole legatee thereunder. On December 15, 1904, Aaron Thomas filed a petition in the probate court praying to have the order of probate set aside, annulled and vacated. The petition avers that Aaron Thomas was a nephew and an heir of Jane Ottman, and that the petitioner resided in Fremont county, Idaho, and had resided there for many years prior to the death of Jane Ottman. It is charged in the petition that the relationship of the petitioner to the testatrix, as well as his residence and post-office address, was well known to John Schofield. The petition charges further' that appellant, Schofield, fraudulently failed to include the name of petitioner in the petition for the probate of the will in order to prevent appellee from obtaining any information or notice of the death of Jane Ottman, and that petitioner had no notice, either actual or constructive, of the proceedings to probate the will; that petitioner was kept in ignorance of the death of Jane Ottman by Schofield for more than one year after the probate of the said will, with the fraudulent purpose of preventing appellee from filing a bill in chancery to contest said will. Petitioner charges that if he had had notice he could have made a good defense to the petition asking for the probate of the will. It is also charged in the petition that Jane Ottman was intoxicated at the time the said will was executed, and that said will was dictated by appellant and written by L. D. Random, who claims to be an attorney at law, and that the testatrix was under the undue influence of Schofield and not of sound mind and memory at the time when said alleged will was signed by

her, and that said will was not executed in accordance with the statute, for the reason that the witnesses to the will did not sign the same in the presence of the testatrix or at her request, but that they signed the said will out of her presence and at the request of Schofield. Schofield answered the petition, denying the material parts thereof, and a replication was filed to the answer, and upon a hearing in the probate court the prayer of the petition was granted, and the order admitting the will to probate, and all orders and proceedings relating thereto, were vacated and set aside, and it was further ordered that the application for probate of said will be re-set for a hearing on March 14, 1905, at two o'clock P. M. Schofield prayed and was allowed an appeal to the circuit court from this order vacating the probate of the will. This appeal was perfected, but the probate court proceeded to a final adjudication as to the probate of the will. On January 11, 1905, appellee entered a limited appearance in the circuit court and moved to dismiss the appeal on the ground that the order appealed from was not a final order, and on the further ground that Schofield had abandoned his appeal to the circuit court by subsequently appearing in the probate court and praying for and perfecting an appeal from another subsequent order of the probate court denying probate of the will. The circuit court sustained the motion and dismissed the appeal. From this order of the circuit court an appeal was taken to the Appellate Court for the First District, where the order of the circuit court was affirmed, and by further appeal the record is brought to this court for review.

It is apparent from the foregoing statement that the order of the circuit court dismissing the appeal must be affirmed. The order of the probate court vacating the probate of the will and re-setting the matter for a hearing at a future day was not a final order or judgment, and therefore no appeal could be taken from it. The case was not disposed of by the order vacating the probate of the will.

No adjudication was had at that time upon the merits. No rights were determined and no judgment for costs was rendered against anyone. It was an interlocutory order, which the probate court had the right to make. (*Wright* v. *Simpson*, 200 Ill. 56.) This court will not determine a case by piecemeal. Whether the probate court erroneously vacated its former order will not be determined by this court until the case has finally been determined below and the whole record is properly presented for review.

It is insisted that the case of *Floto* v. *Floto*, 213 Ill. 438, sustains appellant's position in taking an appeal from the order of the probate court made on a petition to vacate a previous order admitting a will to probate. That case does not support appellant's position. There the petition to vacate the probate of the will was denied and the petitioners were dismissed without day. That judgment was a final judgment and ended the proceeding, and was, of course, like any other final adjudication, an appealable order. Had the probate court refused the prayer of appellee's petition in this case and dismissed the same there is no question but that the appellee could have appealed. This proceeding, in some respects, is like a motion to open up a judgment and permit a party to plead. If the application is denied the only remedy the defendant has is by an appeal. If the application is granted the judgment is simply opened up to allow the defendant to present his defense, and the cause proceeds to final judgment before either party is entitled to an appeal. There was no error in dismissing the appeal by the circuit court.

The judgment will be affirmed.

*Judgment affirmed.*