In the Matter of the Estate of Grace Babb, Deceased.

In re Petition of Anna Young, Appellant, v. Timothy J. Fell, Guardian ad litem of Howard H. Babb, or Rothert, Appellee.

### Gen. No. 25,730.

DESCENT AND DISTRIBUTION—*when order of probate court determining heirship final and appealable to circuit court.* Where the probate court had jurisdiction of the parties and of the subject-matter of a petition contesting the court's determination of heirship, and, after hearing, entered an order finding that a certain minor was not born of deceased but was taken by her in infancy and reared as her child without being legally adopted, and therefore was not one of her heirs, such order was a final determination of that issue and was therefore appealable.

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed June 18, 1921.

CHARLES H. MITCHELL, for appellant.

HENRY & ROBINSON, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

On proof of heirship being made in the probate court in the matter of the estate of Grace Babb, deceased, that court apparently issued a finding of heirship to the effect, among other things, that Howard H. Babb was a son of the deceased. Thereupon, Anna Young, the appellant, filed her petition in that court alleging that the said Howard H. Babb was not a son of Grace Babb, deceased, and appellee as guardian was ruled to answer thereto. Issue being joined on this petition, the court heard evidence and thereupon the original table of heirship was set aside and the

probate court entered an order finding that Howard H. Babb was not a son of Grace Babb, deceased, but that the appellant, Anna Young, and certain others were her only heirs at law and next of kin. From that order the appellee guardian appealed to the circuit court of Cook county and on that appeal after a hearing *de novo,* the latter court entered an order finding that Howard H. Babb was a son of Grace Babb, deceased, and her only heir at law and next of kin. From that order of the circuit court, Anna Young has perfected this appeal.

The only point urged in support of this appeal is that the circuit court was without jurisdiction to entertain the appeal from the order of the probate court for the reason that the latter order was not a final order and therefore was not appealable. That this contention is not tenable is, in our opinion, conclusively established by the recent decision of our Supreme Court in *Sebree v. Sebree,* 293 Ill. 228. In that case the probate court had entered an order establishing a table of heirship and the appellant, under the name of Josephine Sebree, filed her petition in the probate court asking that such table of heirship be set aside and that a new table of heirship be entered in which it be declared that she was the widow of the deceased. She also asked in her petition that a widow's award be set off to her. After hearing evidence on the petition, the probate court entered an order setting aside the table of heirship and finding the petitioner to be the widow of the deceased and directing that a widow's award be set off to her. The executors of the will and a daughter of the deceased appealed from that order to the circuit court and after the hearing in that court the finding of the probate court was set aside and it was held that the petitioner was not the widow of the deceased. On appeal it was urged in the Supreme Court that the circuit court had no jurisdiction to entertain the

appeal from the order in the probate court, the latter not being an appealable order, and in support of that contention certain cases were relied upon which held that a finding of heirship in an order of the probate court is only prima facie evidence as to such heirship and in a proceeding to contest the will, other evidence on the subject of heirship is competent. But, the Supreme Court held in the *Sebree* case that the cases relied upon by appellant there were not authority for her contention that so far as the order of the probate court was concerned, finding that she was the widow of the deceased, it was not a final order and therefore not appealable. The court then went on to say, ''Whether or not an order entered in a case is a final order depends upon the relief sought in the petition. * * * In the case at bar, while the petition asked that a new table of heirship be found, it also asked the probate court to determine the issue as to whether or not appellant was the common-law widow of the deceased. The order of the probate court in that matter was a determination of that issue, * * * and affected the rights of the appellees here, and they, as the aggrieved parties, were entitled to appeal from that decision. It was not an *ex parte* hearing, but both the appellant and appellees were present and offered evidence in support of their claims concerning the matter. The probate court had jurisdiction of the parties and the subject-matter, and the order of the probate court was a final determination of that issue and was therefore appealable.''

Likewise, in the case at bar, the petition presented to the probate court asked that court to determine the issue as to whether or not Howard H. Babb was a son of the deceased, Grace Babb. The probate court had jurisdiction of the parties to that controversy and of the subject-matter of the petition and after a hearing the court entered an order finding, among other things, that ''a minor, Howard H. Babb, was not born

of the body of the deceased, but was taken by her in infancy and at about the age of two years; was reared and maintained by her as her child but was never legally adopted by her, although by her called her son," and therefore was not one of the legal heirs of the deceased. That order was a final determination of that issue and was therefore appealable.

For the reasons stated the judgment of the circuit court is affirmed.

*Affirmed.*