William Henry, Plaintiff in Error, v. Laurence Flynn et al., Defendants in Error.

Gen. No. 35,894.

Heard in the first division of this court for the first district at the June term, 1932. Opinion filed November 14, 1932. Rehearing denied November 28, 1932.

EHRHARDT, RUSSELL, MURPHY & QUIGLEY, for plaintiff in error; WALTER T. QUIGLEY and WALTER P. MURPHY, of counsel.

JOHN J. KELLY, RING, UHLIR & CUCHNA, JOSEPH J. AUGUSTUS and RALPH L. PECK, for defendants in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error William Henry seeks to reverse the order entered by the circuit court of Cook county striking his appeal bond given by him in the probate court of Cook county on appeal from an heirship entered in that court to the circuit court of Cook county, and denying his motion for leave to file a new bond.

The record discloses that the estate of Edward Flynn, deceased, was being administered by the probate court of Cook county and a contest arose as to who were his heirs. After a hearing as provided under the act of June 10, 1909, the court entered an order finding who were the heirs of the deceased. Other parties, who claimed to be heirs of the deceased in that proceeding, being dissatisfied, including William Henry, who prosecutes this writ of error, prayed for and were allowed a joint and several appeal to the circuit court of Cook county upon their filing their appeal bond in the sum of $1,000, to be approved by the court and conditioned according to the statute. Thereafter, December 30, 1930, William Henry submitted his appeal bond to the probate court, where it was approved and ordered filed. On February 6, 1931, a transcript of the proceedings in the probate court

was filed in the office of the clerk of the circuit court of Cook county, and on March 3rd following all of the heirs as found by the probate court, who were not specifically named as obligees in the appeal bond, filed their motion in the circuit court to strike the appeal bond and to dismiss the appeal, the ground being that all of the heirs of the deceased were not named as obligees in the bond. March 14, 11 days after filing this motion, the same parties filed what they designated their special appearance, which they said was for the sole purpose of questioning the jurisdiction of the court by moving to strike the appeal bond of William Henry; but this motion was unavailing because by filing their motion they submitted to the jurisdiction of the court. On the same date William Henry filed his cross motion by which he sought leave to file a new appeal bond in lieu of the one theretofore filed by him. And on March 28 the court entered an order striking the appeal bond, refusing the motion of Henry to file a new bond, dismissing the appeal, as above stated, and Henry sues out this writ of error.

For convenience William Henry will hereinafter be referred to as plaintiff and the other parties as defendants.

The defendants have filed a motion in this court to dismiss the writ of error on the ground that the proceedings in the probate court for the establishment of heirship are purely statutory; that the statute allows an appeal from the probate court to the circuit court and from the circuit court to this court, and that in such a proceeding the method of review by appeal is exclusive. The motion has been reserved to the hearing.

In support of their contention the defendants say that the appeal from the probate to the circuit court and from the circuit court to this court is provided for by section 124 of chapter 3 of our statutes, being

the chapter on the Administration of Estates. Cahill's St. ch. 3, ¶ 126. That section is as follows: "Appeals shall be allowed from all judgments, orders or decrees of the county court (probate court) in all matters arising under this Act, to the circuit court, in favor of any person who may consider himself aggrieved by any judgment, order or decree of such court, and from the circuit court to the supreme court, as in other cases, and bonds with security to be fixed by the county or circuit court, as the case may be." And the other argument is that the establishment by a probate court of heirship of a deceased is a purely statutory proceeding, and since an appeal is allowed from such order by section 124, this method of review is exclusive; and *Sebree v. Sebree*, 293 Ill. 228; *Grier v. Cable*, 159 Ill. 29; *Williams v. Runyon*, 230 Ill. App. 199; *People v. McGoorty*, 270 Ill. 610; *Holman v. Brown*, 215 Ill. App. 247; *Wentworth v. Sankstone*, 233 Ill. App. 48, and other cases are cited.

The question whether a writ of error would lie from this court or from the Supreme Court to review the order or judgment of a circuit court in a proceeding brought to that court from the probate court, establishing heirship, has not been squarely decided in this State.

The *Sebree* case was a proceeding in the probate court of Cook county to establish the heirship of the deceased. The probate court heard the evidence and made a finding. An appeal was taken to the circuit court, where there was a hearing *de novo* and a further appeal was prosecuted to the Supreme Court. One of the contentions made was that the circuit court had no jurisdiction because the appeal from the probate court should have been to this court, as provided in section 8 of the Appellate Court Act, Cahill's St. ch. 37, ¶ 40. The court said (p. 234): "Under said section appeals are to be taken from the county or

probate courts to the Appellate Courts 'in suits or proceedings at law or in chancery,' and if this be a suit or proceeding at law or in chancery the contention of appellant is right.

"A suit or proceeding at law, as that term is used in said section 8, has been defined to mean a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law; and a proceeding in chancery is to be understood to mean a suit or proceeding instituted or carried on in substantial conformity with the forms and modes prescribed by the rules in chancery. . . . In all of its essential features the proceedings had upon the petition of the appellant for an order declaring her to be the widow of the deceased are purely statutory. The mere fact that an issue was made up and the trial thereon conducted in the same way in which suits at law are tried, cannot, of itself, have the effect of converting a merely statutory proceeding into a suit or proceeding at law." And the court there held that the appeal was properly taken from the probate to the circuit court and not to the Appellate Court.

In the *McGoorty* case, *supra* (270 Ill. 610), an original petition for a writ of mandamus was filed in the Supreme Court to compel Judge McGoorty of the circuit court of Cook county to allow an appeal to the Appellate Court from an order entered by him in a proceeding under the Workmen's Compensation Act. The writ was denied. Section 19 of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 219, involved in that case, provided that judgments of the circuit court entered in a workmen's compensation case should be reviewed only by the Supreme Court upon a writ of error. The court there said it was contended that an appeal was authorized in that proceeding to the Appellate Court by virtue of the provisions of section 8 of the Appellate Court Act, Cahill's St. ch. 37,

¶ 40, as supplemented and modified by sections 91 and 118 of the Practice Act, Cahill's St. ch. 110, ¶¶ 91 and 118, and that section 19 of the Workmen's Compensation Act was contrary to our constitution, and void. This contention the court held untenable and said that the legislature had the power, in such a special statutory proceeding, to provide for a method of review, and on page 621 said: ''In statutory proceedings the legislature has the power to provide how such cases shall be reviewed, if at all, and has provided that certain classes of cases shall be reviewed by the Supreme Court, only.''

Section 124 of chapter 3, which we have above quoted, was first enacted in 1845, and re-enacted as part of ''an act in regard to the administration of estates'' in 1872, while the statute that authorizes probate courts to find and declare heirship of deceased persons was not passed until June 10, 1909. That act is an independent act and cannot be said to be an amendment of the Administration Act. It is entitled as an independent act and consists of three sections. Section 1 validates heirships theretofore made by any court in this State having probate jurisdiction. By section 2 all courts exercising probate jurisdiction are authorized to ascertain the heirship of a deceased person whose estate is being administered in that court and to enter their finding of record, and by section 3 such order declaring such heirship is made prima facie evidence of such heirship. Nowhere in that act is any provision made for an appeal. If we hold that the act of 1909 is not an amendment of the administrative act of 1872, it may be doubted whether section 124 authorizes an appeal from an order entered by a court exercising probate jurisdiction in a proceeding to establish the heirship of a deceased person. It might be contended that these two acts should be construed as *pari materia,* but we do not pass upon these ques-

tions because our Supreme Court and this court have said that an appeal from the probate court to the circuit court in a proceeding to establish heirship is governed by section 11 of the Probate Court Act, Cahill's St. ch. 37, ¶ 341. *Welch v. Worsley,* 330 Ill. 172; *Williams v. Runyon,* 230 Ill. App. 199. Section 11 of the Probate Court Act (Cahill's 1931 Statutes, p. 940) provides: "Appeals may be taken from the final orders, judgments and decrees of the probate courts to the circuit courts of their respective counties in all matters except . . . upon the appellant giving bond and security in such amount and upon such condition as the court shall approve, and upon such appeal the case shall be tried *de novo.*"

The *Welch* case was a proceeding originating in an estate pending in the probate court of Cook county to establish the heirship of the deceased. An order was entered by that court finding and declaring the heirs of the deceased, and an appeal was taken to the circuit court of Cook county, where there was a trial *de novo,* and an order entered by that court finding other persons than those found by the probate court to be heirs of the deceased. From the judgment of the circuit court an appeal was taken to the Supreme Court and that court transferred the case to this court for want of jurisdiction. In this court the judgment of the circuit court was reversed with a finding of fact and a writ of certiorari was allowed by the Supreme Court and a writ of error awarded to review the judgment of this court. The court there said (p. 175): "The order of the probate court denying the prayer of the petition of plaintiff in error and dismissing it was a final, appealable order, and under section 11 of the Probate Court Act (Smith's Stat. 1923, p. 624; Cahill's Stats. 1923, par. 341) the appeal was properly taken to the circuit court. *Sebree v. Sebree,* 293 Ill. 228." In the Supreme Court it was

contended that the finding of fact made by this court was final and conclusive under section 120 of the Practice Act, Cahill's St. ch. 110, ¶ 119, but this contention was denied by the Supreme Court holding that a proceeding in the probate court to find the heirship partakes of the nature of a proceeding in chancery and therefore the finding of fact by this court was not conclusive. The jurisdiction of the Supreme Court reviewing chancery cases coming from this court on disputed questions of fact was conceded, as indeed it must be. The court then discussed the facts in the case and passed on the merits. The court referred to the *Sebree* case and said (p. 176): "defendants in error further contend that such a proceeding to make a new finding of heirship is purely a statutory and in no respect a chancery proceeding. They rely on *Sebree v. Sebree, supra,* where this court said: 'The proceeding under the statute relating to proof of heirship or to allow an award is informal. No provision is made for an answer nor any pleadings had. The proceeding here was purely statutory and is not a suit or proceeding at law or in chancery within the meaning of section 8 of the Appellate Court act, and the appeal, therefore, was properly taken from the probate court to the circuit court.' The language quoted was used in construing section 8 of the Appellate Court act, and the holding was that the proceeding was not a suit or proceeding at law or in chancery within the meaning of section 8 of the Appellate Court act, and that the appeal was properly taken to the circuit court. There was no question in that case of the right or power of this court to review the facts in such a proceeding. . . .

"Whether or not the finding of facts by the Appellate Court in this case is conclusive on this court depends upon the question whether or not, in the determination of plaintiff in error's petition to set aside the

former finding of heirship and have herself declared the sole heir of Charles F. Swigart, the probate court was called upon to exercise chancery powers.'' And it was there held that in such a proceeding the probate court was called upon to exercise chancery powers. And as authority for this holding, the court quoted the entire act of June, 1909, above referred to, and held that such proceedings partake of the nature of a chancery proceeding.

In *McCormick v. Meisenheimer,* 337 Ill. 65, it was held that a proceeding for the probate of wills was entirely statutory and that in such a case, where a particular form of review is given, all other forms are excluded, but since the act in regard to wills did not expressly provide a particular form of review by the Supreme Court, either by appeal or writ of error, a review might be had in such case by writ of error under the Practice Act. In that case a motion was made to dismiss the writ of error on the ground that a proceeding to probate a will is purely statutory, and that the statute did not expressly allow such proceeding to be reviewed by writ of error; but the court denied this contention and said (p. 68): ''In the Wills act no form of review in this court, either by appeal or writ of error, is expressly given. . . . We are of the opinion that as no right to either a writ of error or an appeal is given by the Wills act, but that such right, if it exists, must be found in the general laws upon the subject, the reasoning of the court by which it arrived at the conclusion that the proceedings in the circuit court for the probate of a will could be reviewed in this court upon appeal applies with equal force to a right of review upon writ of error. . . . It has been assumed by this court, without any discussion, for many years, that a writ of error would lie in cases of this kind. . . . We can perceive of no reason why, if an appeal in a case of this character

is allowed under the general provisions of the Practice act, as held (*Chandler v. Fisher, supra*) a right to review by writ of error is not allowed by the same provisions of that act.''

Under the holding in the cases cited, while the question is not free from difficulty, we are constrained to hold that in the instant case a writ of error will lie under section 91 of the Practice Act, Cahill's St. ch. 110, ¶ 91, and the motion to dismiss the writ of error is therefore denied.

Was the appeal bond executed by William Henry and approved by the probate court sufficient, and did the court err in striking it from the files and in denying Henry's motion to file a new bond? We think both these questions must be answered in the affirmative. The objections made to the bond by the defendants is that all of the obligees were not named in the bond. The obligees named in the bond are, ''Patrick Flynn, et al., and James G. Butler and John Butler.'' The argument of the defendants is that there were 20 obligees—the heirs of the deceased as found by the probate court. The record discloses that the probate court found that the deceased left him surviving as his only heirs at law 20 ''first cousins,'' 18 on the paternal side and two on the maternal side of the deceased. It will be noticed that in the bond but one of the 18 cousins on the paternal side is mentioned, namely, Patrick Flynn, and this is followed by ''et al.,'' while the two cousins on the maternal side are expressly mentioned in the bond. We think the bond was sufficient because the record clearly discloses the names of the 20 cousins and it is obvious that it was intended that the bond would run to all of the cousins as obligees.

In *Bacchus v. Moreau,* 4 La. Ann. 313, it was held that on appeal from a judgment a bond made payable to one of the parties ''et al.'' was good; that the ex-

pression et al. must be construed as referring to all the other appellees and the bond would be available to all of them. The court there said (p. 314): *"Caubette* has asked the dismissal of this appeal, on the ground that no bond was given in favor of the other parties to the proceeding, and that they have not been cited. The bond is given in favor of *Caubette* 'et al.' Under these expressions, which must be considered as referring to all the other parties in the cause, the bond would have been available to all the appellees, and cannot therefore be considered defective."

Executing and filing the appeal bond is the means provided by law for transferring the cause from the probate to the circuit court and is in the nature of process to remove the cause to the circuit court. *In re Voislowsky,* 264 Ill. App. 398. Moreover, counsel for the defendants O.K.'d the draft of a written order which was on the same day entered by the probate court approving the appeal bond. The order is as follows: "And now comes William Henry and tenders his bond in the sum of One Thousand Dollars for his appeal from the order of this court entered on the 15th day of December 1930 determining the heirship in this estate and the court having examined the same finds that said bond is in due form and it is therefore ordered that the said bond be and the same is hereby approved and the same is ordered filed." The O.K. by counsel for the defendants was to save their time so that the draft might be handed to the judge without their waiting around the court. The order expressly states that the court finds that the bond is in due form and this is approved by counsel for the defendants. In these circumstances we think the defendants are not in a position to object to the bond because all of the defendants were not expressly named as obligees. We are further of the opinion that the court should have allowed Henry's motion for leave to file

a new bond. *Dunaway v. Campbell,* 59 Ill. App. 665; *Pence v. Pettett,* 211 Ill. App. 588; *Schofield v. Thomas,* 231 Ill. 114.

The defendants further contend that the questions raised by plaintiff are not properly preserved for review because there was no bill of exceptions nor certification of evidence filed in the instant case, and it is argued that the defendants' special motion to strike the appeal bond, and the motion of plaintiff for leave to file a new bond, not being preserved, cannot be considered. We think there is no merit in these contentions because in the judgment order appealed from it is expressly stated that the defendants' motion to strike the appeal bond is allowed and plaintiff Henry's cross motion for leave to file a new bond is denied, and it is from this order that the appeal is prosecuted by Henry. This order is obviously a part of the record without any bill of exceptions.

The order and judgment of the circuit court of Cook county is reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.