In re Estate of John J. Fitzgerald, Deceased.
Edmund S. Cummings, Executor, etc., Petitioner, Appellee, v. Mary Fitzgerald et al., Respondents.
Luella Fitzgerald Creagh et al., Appellants.

Gen. No. 36,809.

582

Opinion filed December 11, 1933.

KELLY & CRAWFORD, for appellants; JAMES A. DALEY, of counsel.

CUMMINGS & WYMAN, for appellee; PEREL & PEREL and ERNEST CLARK, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by respondents, heirs at law and next of kin and legatees of John J. Fitzgerald, deceased, from a decree entered March 24, 1933, by the probate court upon the petition of the executor for leave to sell the real estate of the deceased for the purpose of paying debts. The proceeding was under section 98 of the Administration Act, Cahill's St. ch. 3, ¶ 99 (Smith-Hurd's Ill. Rev. Stats. 1933, ch. 3, sec. 98, p. 95). The petition of the executor was filed August

29, 1932. It avers that John J. Fitzgerald died at Chicago, Illinois, October 19, 1925; that the executor had filed his inventory which was approved March 4, 1926; that the account showed a total amount of debts of $7,953.50 and total personal estate of the value of $5,201.97, leaving a deficiency of $2,751.53. The petition also avers the filing of a bill of appraisement and the approval of the inventory and bill of appraisement by the court; and avers that Mary A. Fitzgerald had advanced $1,400 to pay claims allowed and costs of administration. The petition describes the real estate which is said to be incumbered by a trust deed dated July 3, 1916, given to secure an indebtedness of $15,-000 evidenced by three notes, all of which indebtedness has been paid with the exception of $2,000, which remains unpaid; and avers that the real estate is also incumbered by a trust deed dated October 2, 1925, securing two notes for $1,000 each, payable one and two years after date; that Rosie Novak is the legal owner and holder of these unpaid notes.

The petition sets forth the names of the heirs at law and next of kin; and shows that Mary Fitzgerald Hickey, sister of the deceased, died intestate subsequent to his death, leaving her husband, Patrick Hickey, and her son, David Raymond Hickey, her only heirs at law and next of kin; that subsequently Patrick Hickey, her husband, died intestate, leaving him surviving said David Raymond Hickey, his son, so that David Raymond Hickey is now the only heir at law of Mary Fitzgerald Hickey.

The petition also avers that John J. Fitzgerald by his last will and testament bequeathed to the Catholic Bishop of Chicago $200 to be invested and the income used for the perpetual care of his grave in Calvary cemetery, and devised all the rest and residue of his estate to his wife, Mary Fitzgerald, to have and to hold for and during her natural life; that upon her

death John J. Fitzgerald devised all the rest and residue of said estate to his nephews and nieces, Luella Fitzgerald, Maurice Fitzgerald, David Fitzgerald, Gertrude Fitzgerald, Veronica Fitzgerald and Ernamelinda Patricia Fitzgerald, and the survivors of them, in equal parts, share and share alike, subject, however, to the payment by them to his sister, Mary Hickey, and his nephew, David Raymond Hickey, of $1,000 each, and to Catherine Evans, Agnes Dunn Felker and Elizabeth Dunn $500 each, or to such of them as shall then be living; that Luella Fitzgerald is now Luella Fitzgerald Creagh; Gertrude Fitzgerald, now Gertrude Fitzgerald Backus; Veronica Fitzgerald now Veronica Fitzgerald Wynne; Ernamelinda Fitzgerald now Ernamelinda Fitzgerald Wynne; Catherine Evans now Catherine Evans Shields; and Elizabeth Dunn is deceased.

The petition also sets up that the real estate is improved by a three-story brick and stone apartment building occupied by tenants of the deceased, all of whom are interested and made parties, together with unknown owners. The petition prays that the defendants might answer and the court might ascertain the rights of the parties and direct the petitioner to sell so much of the real estate as should be necessary to pay the just debts of the deceased, according to the law, and subject to the lien of the trust deed for unpaid indebtedness and to the liens for unpaid taxes and special assessments. Petitioner verified the petition as true in substance and in fact.

Respondents, Luella Fitzgerald Creagh, Maurice Fitzgerald, Gertrude Fitzgerald Backus, Ernamelinda Fitzgerald Wynne, Veronica Fitzgerald Wynne and David Fitzgerald, answered that the petition should be dismissed for want of jurisdiction to consider the same or enter any order or decree. They averred that the petition was not true and correct, in that it did not contain a full and true statement of the assets of the

estate or of the claims against it; averred that the deceased died seized and possessed of personal property of an amount and value of more than sufficient to pay all the alleged claims and the alleged widow's award, and that the widow had in her possession property of the deceased of a greater value than the amount of the alleged deficiency of personal property, and that the claim of the widow for advances might not be lawfully asserted or adjudicated in this proceeding.

Respondents further answered that the widow's award was false, fraudulent, null and void, and that the appraisers appointed to fix and determine the same did not proceed in the manner provided by law and did not endeavor fairly and impartially to appraise the same, did not consider the manner and mode of life of the deceased and of the widow, and did not consider the condition of the estate of the deceased, but on the contrary said appraisers, without consulting each other and without any investigation whatsoever, executed the appraisement of the widow's award without consideration of the matters and things above mentioned at the suggestion of the widow or her representatives, for the purpose of defeating all rights of the respondents; that the will of the deceased granted Mary Fitzgerald a life estate in said real estate; that the real estate was improved by a building containing 12 apartments, from which there has been derived since the death of the deceased large sums of money each and every month, to wit, $600; that Mary Fitzgerald has received the same but has not accounted therefor; that if she account for the same, there would be nothing due her on account of the alleged claims and the alleged widow's award.

The answer also avers that the petition was not filed in good faith for the purpose of satisfying the just claims against the estate, but on the contrary the same was filed for the purpose of depriving the respondents of the estate devised to them; that if the real estate

had been sold within a reasonable time of the death of
the deceased the same would have brought full fair
cash value thereof; that by reason of the uncertain
nature of the estate left to the respondents under the
will, and the delay of Mary Fitzgerald in asserting her
rights, if any, under the award, and the belief thereby
induced in the respondents that the same had been
abandoned, and that Mary Fitzgerald did not intend
to endeavor to enforce the same, respondents have
been disabled from taking any steps or proceedings to
dispose of the same or protect their interests therein;
that at the present time, by reason of various economic
conditions, there is no market value for real estate in
Cook county, Illinois, and that said real estate, if sold
at the present time, would bring far less than the same
would have brought if the real estate had been sold
within a reasonable time after the death of the de-
ceased. Respondents, therefore, asserted that Mary
Fitzgerald and petitioner are estopped in equity and
good conscience from bringing and prosecuting this
proceeding, and prayed that the petition might be dis-
missed.

The decree entered recites that the cause came on
upon the petition taken as amended and as confessed
by the other defendants and upon the records of the
court and the evidence introduced, and the testimony
of witnesses heard and examined in open court; that
the court has jurisdiction of the parties and the sub-
ject matter, and that all of the material allegations of
the petition are true; that John J. Fitzgerald died tes-
tate and his will was admitted to probate in the pro-
bate court of Cook county; that Cummings was ap-
pointed executor and qualified and filed an inventory
and bill of appraisement of all the assets, which were
approved by the court; that Cummings has rendered
a just and true account of all the personal estate and
debts; that this account has been duly approved by

the court; that the personal estate was inadequate to pay the just claims and debts of the deceased; that the deficiency amounted to $2,751.31, besides the necessary costs and expenses of administration. The court finds heirship as set forth in the petition and the bequests and provisions of the will as therein averred; that the deceased died, having claim and title to the real estate described; that Rosie Novak is the legal holder and owner of the $15,000 note and the two $1,000 notes; that the real estate is improved as alleged; that no person, other than those mentioned in the decree, have any interest; that it is necessary to sell the real estate to pay the deficiency and the costs and expenses of administration now due and to accrue, and to pay any claims which should be allowed thereafter. Petitioner had given an additional bond as required by the statute, and it is therefore ordered, adjudged and decreed "that the petitioner proceed according to law and advertise and make sale of the real estate above described or so much thereof as may be necessary to pay the said deficiency," etc., and that "it is further ordered, adjudged and decreed by the court that said sale be made to the highest and best bidder for cash at public auction held at the board room of the Board of Appeals of Cook County, Room 337, County Court House, in the City of Chicago, County of Cook and State of Illinois, between the hours of ten o'clock A. M. and five o'clock P. M. on the day fixed for such sale; that said petitioner make report of said proceedings in this behalf according to law, and that no deed or deeds be delivered until such sale has been reported to and approved by this court."

The proceedings upon the hearing are preserved by certificate of evidence, and it appears therefrom that the principal contention of respondents who appeal was that they were not barred in this proceeding from contesting the award theretofore made to the widow

which they offered to prove by the appraisers had not been fixed fairly and impartially. They now argue that the court erred in rejecting the evidence offered and assert that the allowance of a widow's award, like the allowance of any other claim against an estate, is only prima facie correct, and that upon a proceeding to sell real estate a respondent may show that any such claim should not be allowed. They cite *Hopkins v. McCann,* 19 Ill. 113; *Moline Water Power & Manufacturing Co. v. Webster,* 26 Ill. 233; *Marshall v. Rose,* 86 Ill. 374; *Burr v. Bloemer,* 174 Ill. 638; and the recent case of *Ankrom v. Doss,* 270 Ill. App. 464. *Marshall v. Rose,* and similar cases, were decided prior to the enactment of the act of July 1, 1909, which amended section 75 of the Administration Act so as to provide that the allowance of the widow's award as made by the appraisers should be subject to review by the court, and that upon petition by the widow, the executor or administrator, heir, legatee or devisee, or creditor of the estate, the court might hear evidence, and upon such hearing increase or diminish the award. Cahill's St. ch. 3, ¶ 76. (Smith-Hurd's Ill. Rev. Stats. 1933, ch. 3, sec. 75, pp. 91, 92.)

In *Hodson v. Hodson,* 277 Ill. 137, it appeared upon writ of error to the Appellate Court of the Third District that the trial court held that there could be no review of the award after the close of the term at which it was approved, and that after the time for taking appeal to the circuit court, the judgment became final and could be afterward set aside only for fraud, collusion, accident or mistake. The Supreme Court, however, held that the county court did not lose jurisdiction at the close of the term at which the judgment was entered, for the reason that the jurisdiction over an estate was a continuing jurisdiction which remained until the estate was closed. The Supreme Court also held that the right of a legatee to have a review of the

award by the court under the statute arose at the time the award was approved; when he had been brought into court for the probate of the will; that the will having been probated and his status as a legatee and devisee established he was bound to take notice of the award, and that the injury to him was as great at that time as when he filed his petition, 15 months thereafter; that although there was no limitation, the petition was an appeal to the equitable powers intrusted to the court, and that one asking relief must act with reasonable promptness; that by making no objection to the award for 15 months, the legatee waited an unreasonable time, and that his petition was properly dismissed.

While this case is cited by respondents, it seems to us that the reasoning of the opinion is against their contention. In that case, the petitioner who sought to have the award reviewed was held precluded by a delay of 15 months. The delay here as indicated by the record is more than six years. Here, as there, the respondents, it must be presumed, had notice of the application for probate of the will and were made parties to the proceeding and bound by the allowance of the widow's award and are now precluded from contesting the amount through their acquiescence in the same for many years.

Respondents contend that the petitioner is barred and estopped by laches from obtaining a decree for sale of the real estate. They concede that the statute does not prescribe any definite limitation in a proceeding of this character but say that the creditors have always been required to proceed within a reasonable time; that by analogy to the statute limiting judgment liens to seven years, an unexplained delay of seven years from decedent's death, has been held to constitute laches. They say each case is to be decided on its own facts, and that under particular circumstances a

shorter delay than seven years will constitute such laches. They cite *Moore v. Ellsworth,* 51 Ill. 308; *Bishop v. O'Conner,* 69 Ill. 431; *Furlong v. Riley,* 103 Ill. 628. We understand the rule to be that by analogy to the statute of limitations as to the lien of judgments, the application of an executor to sell land must be made within seven years, unless the delay is satisfactorily explained, and that where it is so explained a lapse of even a much longer time will not bar the proceedings. *White v. Horn,* 224 Ill. 238; *Hurlbut v. Talbot,* 273 Ill. 299. No case is cited where a limitation of less than seven years has been applied and the facts here do not justify a shorter limitation.

Respondents also contend, citing Cahill's Ill. St. ch. 3, ¶ 71, that the petition does not state a cause of action. Respondents, however, did not demur but answered.

They also urge that the decree is erroneous, in that it does not specifically direct the publication and posting of notice as required by Cahill's St. ch. 3, ¶ 110. The decree, however, directs that the executor proceed according to law and advertise and make sale of the real estate, and the statute definitely directs the notice which must be given.

Moreover, this objection was not urged in the trial court. If the sale as made is irregular in any respect, respondents will have the opportunity to make their objections thereto upon the filing by the executor of his report of sale.

For the reasons indicated, the decree of the probate court is affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.