## In re Estate of Maria Turner, Deceased.
## Appeal of Ferdinand W. Penn et al., Appellants, v. Mary Fletcher Brammer et al., Appellees.

### Gen. No. 37,440.

Opinion filed June 11, 1934.

ELLIS & WESTBROOKS, BLAINE G. ALSTON, DE FRANTZ R. WILLIAMS and CLAUDE W. B. HOLMAN, for appellants; RICHARD E. WESTBROOKS, of counsel.

LEON LECOUR DROLET, for appellees.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the executor and others from an order entered January 15, 1934, by the circuit court of Cook county dismissing their appeal to that court from an order of the probate court of Cook county. The order of the probate court from which the appeal was prayed and allowed was entered July 14, 1933. This order vacated and set aside a previous order of the same court entered March 17, 1932. The order set aside purported to enter a table of heirship in the estate of Maria Turner, deceased, and found that said decedent left her surviving Joseph Offett, a maternal first cousin, as her only heir at law and next of kin.

The order of July 14th merely set aside the former order of March 17, 1932. It did not purport to make any affirmative determination with reference to who were or who were not the heirs of Maria Turner.

The order of the circiut court finds that the appeal of the executor and others was unauthorized in law and improper; that the circuit court was without jurisdiction of the subject matter, and that the appeal should be dismissed for that reason.

The motion to dismiss the appeal in the circuit court was made in behalf of Maria Fletcher Brammer and others (by their attorney) who are described in the order as "appellees." They appeared for that purpose by their attorney. The executor contends, citing authorities, that since there is no showing in the record that these parties or any one of them have a legal interest as heir, legatee, creditor, etc., their attorney was without right to make a motion, and that it was therefore error for the court to entertain it.

However, the record shows, we think, a legal right in these parties to make the motion. It appears from a statement of the attorney for the executor and others who appealed that these opposing parties in whose behalf the motion was made, were petitioners in the probate court that they might be found to be heirs

and next of kin of Maria Turner, and that their petition is pending and undetermined in the probate court. The appellees have a legal right to have that question heard and determined, and therefore such interest in this litigation as would give them a standing to make the motion. Moreover, the order from which this appeal is prosecuted was entered upon the express finding by the circuit court that it was without jurisdiction of the subject matter of the appeal, and that is the actual question to be determined upon this record. If the court was (as it found) without jurisdiction of the subject matter, it would not make any difference whether any motion to dismiss was made or was not made. In that case jurisdiction could not be given even by consent (*Conover v. Gatton,* 251 Ill. 587), nor by estoppel (*Elshoff v. Murray,* 235 Ill. App. 488), nor by waiver (*City of Aurora v. Schoeberlein,* 230 Ill. 496; *Peterson v. Peterson,* 264 Ill. 121), and the order might under such circumstances be entered upon the court's own motion (*Meeks v. Leach,* 91 Ill. 323).

The executor contends, citing *Worsley v. Welch,* 317 Ill. 90, and *Healea v. Verne,* 343 Ill. 325, that an appeal from an order determining a table of heirship is properly taken to the circuit court in cases where a freehold is not involved, and we agree that this is the law. In cases where the order entered is of such a nature that an appeal will lie, the procedure by which the probate court of Cook county determines the heirship of deceased persons is as provided for by statute. Cahill's Ill. Rev. St. 1933, ch. 3, ¶ 148, act approved June 10, 1909. The jurisdiction thus conferred is exclusive, and the circuit court upon appeal may not inquire into any matter not first presented to and adjudicated in the probate court. *Wahl v. Schmidt,* 237 Ill. App. 372. Appeals from orders entered pursuant to the jurisdiction thus conferred are provided for and regulated by the provisions of section 11 of the Pro-

bate Court Act. See Cahill's Ill. Rev. St. 1933, ch. 37, ¶ 341, p. 937, which in substance provides that appeals may be taken from the final orders, judgments and decrees of the probate court to the circuit court in all matters except certain proceedings therein excepted.

The foregoing seems to be conceded by the parties to this controversy, but the executor contends that the order from which the appeal here was taken is final and therefore appealable, while petitioners contend (and the circuit court found) that it was not final and therefore not appealable. This is the controlling question on the record. If the order from which the appeal is taken was a final order within the meaning of section 11 of the statute, then it was, as the executor contends, the duty of the circuit court to hear the matter *de novo,* and it was error for it to dismiss the appeal. The executor has cited authorities to this effect, which, we think it quite unnecessary to review. If the order entered was not final and appealable the circuit court was wholly without jurisdiction; and arguments of the executor to the effect that Judge Taylor of Effingham county was not eligible to act in Cook county; that the proper procedure in the probate court, if any party desired to have the order of March 17, 1932, vacated would have been to proceed by motion upon petition and hearing, and the further contention of the executor that the order which set aside this first finding violated the Constitution of the United States become wholly immaterial. All these questions are of interest only so far as they may possibly concern the nature of the order entered on July 14th as to whether it was final or interlocutory in its nature within the meaning of section 11 of the statute. *Henry v. Flynn,* 268 Ill. App. 220.

As already pointed out, section 11 expressly limits the right of appeal to orders, judgments and decrees final in their nature. Likewise, section 124 of the

Administration Act (Cahill's Ill. Rev. St. 1933, ch. 3, sec. 124, ¶ 126), which covers appeals from jurisdictions where the powers of probate courts have been exercised by the county court, has been construed as applicable only to final orders, although that statute does not by express words provide such limitation. *Stevens v. Farrell,* 71 Ill. App. 466; *Van Sellar v. James,* 113 Ill. App. 206. Also, in proceedings under section 14 of the Wills Act (Cahill's Ill. Rev. St. 1933, ch. 148, sec. 14, ¶ 16), although by the language of the act appeals are not specifically limited to cases in which final orders have been entered, it has been interpreted by the courts as including such limitation. *Schofield v. Thomas,* 226 Ill. 631, followed in *Dean v. Dean,* 239 Ill. 424. Likewise, the courts have interpreted section 68 of the Administration Act (Cahill's Ill. Rev. St. 1933, ch. 3, sec. 68, ¶ 69) in *DeClerque v. Campbell,* 125 Ill. App. 357, where one of the parties undertook to appeal from an order setting aside a former order allowing a claim against the estate.

The executor contends with earnestness that this appeal is from an order final in its nature. In the first place, he says, the order of March 17th finding Joseph Offett to be the only heir at law and next of kin of Maria Turner, deceased, has been distinctly held to be an order final and appealable in its nature. He cites *Young v. Fell,* 221 Ill. App. 325; *Henry v. Flynn,* 268 Ill. App. 220; *Sebree v. Sebree,* 293 Ill. 228; *Worsley v. Welch,* 317 Ill. 90; *Welch v. Worsley,* 330 Ill. 172; *Healea v. Verne,* 343 Ill. 325; and he says that since the order of March 17, 1932, was appealable (and no appeal having been taken therefrom and the March term of the probate court having passed) the subsequent order of July 14, 1933, vacating that prior order was void and unauthorized. He cites to this point *Chicago Title & Trust Co. v. Brown,* 183 Ill. 42, and a large number of other cases, which in substance lay

down the general rule that when in any court of law the term at which an order or judgment has been entered has passed, the court is wholly without jurisdiction to modify such order in substantial respects or to set aside the same.

We do not doubt that the order of March 17th which made an affirmative finding that Offett was the only heir was an appealable order, but that is a quite different question from the one raised as to whether a subsequent order which merely set aside this former order is or is not final in its nature. The rule as to judgments at law is that courts of law are without jurisdiction to set aside a judgment entered at a prior term of the court, but there are exceptions to that rule even in courts of general and superior jurisdiction. *Burton v. Perry,* 146 Ill. 71, 102; *North Ave. Bldg. & Loan Ass'n v. Huber,* 286 Ill. 375; 17 American & English Ency. of Law, 825–827. However, the jurisdiction conferred upon the probate court is special and statutory. There are no pleadings. Neither the parties nor the issues are defined with that precision necessary at common law. Concerning matters within its jurisdiction, the probate court exercises certain equitable powers. Moreover, the jurisdiction of the probate court over the estate of a deceased person is a continuing jurisdiction which remains with it until the estate is finally closed and distributed to the parties entitled to such distribution. *Hodson v. Hodson,* 277 Ill. 137; *In re Estate of Fitzgerald,* 272 Ill. App. 581.

A motion in the probate court to set aside a judgment or order entered at a prior term of the court calls for the exercise of these equitable powers of the court. The jurisdiction is not in its nature unlike that exercised by courts of general and superior jurisdiction where a motion is made to set aside a judgment entered by confession. In a certain sense therefore, it may be said that orders and decrees of a probate

court entered prior to the final settlement of the estate partake somewhat of the nature of interlocutory orders, and this rule would seem to be particularly appropriate where, as here, the jurisdiction conferred by the statute grants power to make a determination or judgment which is only prima facie correct. The intention of the legislature in the enactment of the statute and the purpose for which the power was created are perfectly apparent. The reason for the rule which limits appeals in this class of cases to orders, judgments and decrees final and determinative in their nature is also apparent. As was said in *Schofield v. Thomas,* 226 Ill. 631:

"This court will not determine a case by piecemeal. Whether the probate court erroneously vacated its former order will not be determined by this court until the case has finally been determined below and the whole record is properly presented for review." That case involved an order which set aside a prior order granting probate of a will upon a petition which alleged fraud in order that the application for probate should be reset for hearing. The court held that the order which set aside the former order was not determinative of any rights, and that it was not a final order from which an appeal would lie. The question there is clearly analogous, we think, to the one raised here. A careful consideration of the cases upon which the executor relies indicates, we think, that none of them is inconsistent with this theory. Thus in *Young v. Fell,* 221 Ill. App. 325, the court not only vacated the former finding of heirship but went further and entered an affirmative order declaring a different heirship. In *Welch v. Worsley,* 330 Ill. 172, the order did not as here vacate a former order without making any finding, but dismissed and denied a petition asking that a former order should be vacated. In *Sebree v. Sebree,* 293 Ill. 228, the probate court of Cook county

set aside a former finding as to heirship and made a further finding declaring a different heirship.

In *Healea v. Verne,* 343 Ill. 325, the probate court entered an order revoking the appointment of an administratrix on the ground that her claim of heirship was fraudulent. She appealed to the circuit court and afterward to the Appellate and Supreme Courts. The Supreme Court found that she was the sole heir and entitled to the appointment and that a finding of that kind entered by the circuit court on remandment was *res adjudicata* on the question of heirship in the subsequent partition suit between the same parties. The report of the case as it appears in *In re Estate of Healea v. Healea,* 254 Ill. App. 334, shows that the order appealed from was one which not only vacated the prior judgment but made an affirmative finding of a different heirship which was therefore final.

It is apparent, we think, from a consideration of all these cases that orders, judgments and decrees of the probate court will be regarded as final only when they affirmatively determine the rights of contesting parties on the record. The order here appealed from did not make such determination. There is nothing in the record which indicates upon what theory the trial court set aside the finding made at a prior term. It might have been, for aught we can determine, that upon examination of its own record it found that it was wholly without jurisdiction to enter the order of March 17th.

There is nothing in this record (contrary to the contention of the executor) which shows whether the court acted with or without a petition by any interested party, but it does clearly appear that so far as the question of heirship of Maria Turner is concerned the order appealed from left every question of any claimant whatsoever wholly undetermined, and that Joseph Offett might if he desired produce evidence

that would satisfy the court that he was the cousin and only heir at law and next of kin of the deceased. Until that question was determined in the probate court, the circuit court was wholly without jurisdiction, and for that reason properly dismissed the appeal.

The judgment is therefore affirmed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.