In re Estate of Anna McGovern, Deceased.
James J. McGovern, Appellee, v. Mildred Retherford,
Appellant.

Gen. No. 44,771.

Opinion filed June 29, 1949. Released for publication July 18, 1949.

HART E. BAKER, of Chicago, for appellant.

BURTON HUGH YOUNG and OHRENSTEIN & LEFKOW, both of Chicago, for appellee; BURTON HUGH YOUNG and WILLIAM W. WILKOW, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal from an order of the Superior Court dismissing defendant's appeal from an order of the Probate Court on the ground that the order was not "final or appealable."

In the Probate Court on April 9, 1947, defendant's final account was approved, the decedent's estate closed, and defendant discharged as executrix. November 26, 1947, the Probate Judge entered the following order on motion of James J. McGovern, "that leave to file petition be granted that the order of April 9th, 1947 closing said estate be vacated and hearing on final account filed be continued until further notice." The estate was ordered opened and defendant required to file $3,000.00 bond in twenty days. From this order she filed her appeal to the Superior Court. The appeal was dismissed December 3, 1948, on McGovern's motion.

The sole question is whether the Probate Court order of November 26, 1947, is appealable to the Superior Court.

Section 329 of the Probate Act (Paragraph 483, Chapter 3, Illinois Revised Statutes [Jones Ill. Stats. Ann. 110.580]) provides that appeals from *final* orders or decrees of the Probate Court in a proceeding for sale of real estate, by executors, etc., may be taken by any person, who considers himself aggrieved, to the Appellate or Supreme Court. Section 330 (Paragraph 484) provides that appeals from *any other* order etc., may be taken by any person, who considers himself aggrieved to the Circuit Court. Defendant relies upon the apparent distinction between *final* orders in Section 329 and *any other* orders in Section 330. She contends that the test of appealability is not the finality of the order but whether the appellant has been aggrieved, and that interlocutory orders are appealable at the instance of an aggrieved party.

 Section 330 provides for the appeals to be taken to the Circuit Court. Where special statutory jurisdiction is conferred on the Circuit Court, the Superior Court acquires a like jurisdiction. *Cobe v. Guyer,* 237 Ill. 516. We think the Superior Court correctly dismissed the appeal. We are of the opinion that a person must not only be aggrieved but the order causing the grief must be final as to that person. The Probate Act of 1939 provides separately for appeals to the Appellate or Supreme Courts and to the Circuit Courts as we have indicated herein above. Prior thereto Section 11 of the Probate Court Act of 1877, and amendments, provided for appeals to the Circuit Court from *final* orders, etc. The Legislature omitted the word *final* in drafting Section 330 of the Act of 1939. We cannot, however, make the inference that the Legislature intended to permit persons aggrieved to appeal from interlocutory orders, not final as to them.

Before the Probate Act of 1939 was passed the appeal section of the Administrators Act (Section 124, Chapter 3 [Jones Ill. Stats. Ann. 110.373]) permitted appeals to the Circuit Court from county courts from *all* judgments, orders, etc. This section and the similar sections, 68 of the Administrators Act and 14 of the Wills Act, have been construed to be limited to final orders. *In re Estate of Turner,* 275 Ill. App. 366. Mere interlocutory orders were not appealable by an aggrieved person under Section 124 of the Administrators Act. *Lane v. Thorn,* 103 Ill. App. 215. The orders had to be final as to the person. *Griswold v. Smith,* 221 Ill. 341.

Defendant has cited no cases in which Section 330 was construed to permit appeals to the Circuit Court from orders not final as to the person appealing. It will be noted that in *People v. O'Connell,* 378 Ill. 346, cited by defendant, the Supreme Court in stating the

question says, "If they have no right to appeal as a party aggrieved from a *final* order against them . . . ." The order there sought to be appealed to the Circuit Court denied a petition of certain children for the appointment of conservators of the father's person and estate.

■ We think the order of November 26, 1947, is interlocutory as to defendant, (*Adamski v. Wieczorek,* 170 Ill. 373; *Schofield v. Thomas,* 226 Ill. 631; *In re Estate of Turner,* 275 Ill. App. 366) and not appealable. It is plain from the decisions referred to that our Courts of review have consistently construed appeal sections of various acts according to a principle opposed to piece-meal appeals. Allowing an appeal to the Superior Court from the order under consideration would violate that principle.

We need consider no other points raised. The order is not appealable and the Superior Court properly dismissed the appeal.

*Order affirmed.*

Burke, P. J., and Lewe, J., concur.